Searcy Ray SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 45352.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Jimmy Phillips, Jr., Angleton, for appellant.

Robert J. Seerden, Dist. Atty., Victoria, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Relief is sought from a conviction for the offense of passing a forged instrument. Punishment was assessed at five (5) years' confinement.

Appellant alleges ten grounds of error.

The basic facts are as follows: A store manager testified that the appellant had been in his store and had given a $70.00 money order in exchange for a top coat and some change. He also testified that appellant identified himself with a driver's

license as Nolan Fluker and signed the money order Nolan Fluker. A postal inspector testified that a postal money order with the same serial number as the one appellant gave the store manager had been stolen in a burglary.

We will consider first appellant's ground of error No. Ten wherein he alleges that the court erred in admitting certified copies of the prior records of appellant, without requiring the State to show that the appellant was the same person who was convicted therein. The record reflects that at the punishment stage of the proceedings, the State introduced, over appellant's objection, exhibits Nos. Six and Seven, which were certified copies of the Texas Department of Corrections' records, indicating that appellant had been previously convicted on three prior occasions. Then the State introduced exhibit No. Four, a search consent form, and exhibit No. Eight, a $1500.00 bond. Both exhibits Nos. Four and Eight bore appellant's signature, and, quoting the prosecutor, were offered "solely for the purpose of comparing the signature in [these] with the signature which is contained in Exhibits S–6 and S–7 [the prior convictions]." In each instance, appellant timely objected, complaining that the proper predicate had not been laid. There was no expert testimony whatsoever on this issue.

After the documents had been admitted, the prosecutor, in referring to these four exhibits, stated to the jury:

". . . you will see back on what would be the fourth page, a rather poor photographic copy of the signature of S. Ray Smith who was the defendant, who was sentenced to the Texas Department of Corrections in Huntsville in this case. You will see these on two of the pages. It will be for you to determine whether, based on this signature and comparing it with the two signatures on these consent to search and on the bond here, whether or not that is the same man. It is up to the jury to––to consider, to determine whether or not this is the same man, this is the same Searcy Ray Smith as Searcy R. Smith who was convicted there, based on that comparison."

Appellant's arguments are based chiefly on the basis of our recent opinion in Cain v. State, 468 S.W.2d 856 (Tex.Cr.App.1971).

In Cain, this same writer dealt with a similar fact situation, when documents bearing the defendant's signature were introduced to prove that this was the same person whose signature appeared on documents from prior convictions. No expert testimony was heard, and this Court held that it was incumbent on the State to go further and show by independent testimony that the defendant was the identical person previously convicted.[1] The Court concluded in Cain that where handwriting samples are introduced without expert testimony and the jury alone must make the comparison, *and there is no other evidence* to connect the defendant with the prior convictions, such identity has not been sufficiently established.

Our initial determination in the instant case must be whether, in fact, there was such "connecting evidence." The State contends that such evidence was supplied by appellant's counsel in his jury argument during the punishment stage of the trial. Defense counsel stated:

"These two convictions which the District Attorney brings forward to you were a long time ago and they were actually two times in the penitentiary. They were when Searcy Smith was a young––was a young man. You will find that he was discharged some time before 1960. This year is 1971. For more than ten years, he has not been convicted, not been sent to the penitentiary."

---

1. In neither Cain v. State, supra, nor the present case was there a denial under oath of the signatures involved.

For several reasons, we are unwilling to hold that this argument sufficiently connected appellant with the prior convictions so as to render unnecessary any further proof on the part of the State. First, the documentary evidence had already been introduced into evidence when the argument was made. The damage was done.[2] Secondly, and more importantly, we are apparently faced with the State's argument that defense counsel's statements during final argument amounted to *evidence*, required by Cain, which was sufficient to supply the missing link. We cannot agree. The statements were unsworn statements to the jury, nothing more. No actual testimony on this issue was heard.

■ The instant case is easily distinguishable from the case of Chaney v. State, 464 S.W.2d 653 (Tex.Cr.App.1971). Where an analogous fact situation existed, this Court found no reversible error, but only where the following facts existed: (1) there was no objection to the introduction of the exhibits; (2) defense counsel *stipulated* that the defendant was the same one previously convicted; (3) the trial was before the *court*. Even though faced with these conditions, this Court still noted that it would have been more desirable for the trial judge to have required the defendant to join personally in the stipulation and to

have required the State to have gone further with its proof if he declined. The State's case is not nearly so strong in the instant cause. The exhibits were objected to,[3] and no stipulation was agreed to. Further, unlike the Cain case, there was no testimony of "other offenses,"[4] only the defense counsel's statements during argument.

■ We conclude that it was reversible error for the State to attempt to prove up these prior convictions in this manner. See Vessels v. State, 432 S.W.2d 108, 116–117 (Tex.Cr.App.1968), and the dissenting opinion in Rounsavall v. State, 480 S.W.2d 696, 701 (Tex.Cr.App.1972).

■ Though a reversal of this cause is called for in the absence of any other errors, we feel compelled to review one other aspect of the case, so that, in the event appellant is retried, the error will not be repeated. If appellant is retried on this charge, we hereby admonish the prosecutor to stay within the record during his arguments to the jury. See Hefley v. State, 489 S.W.2d 115 (1973), and the cases cited therein.

The judgment is reversed and the cause remanded.

2. See Presiding Judge Onion's opinion on the State's motion for rehearing in Cain v. State, supra, at page 861.

3. The State argues that appellant's objection that the proper predicate had not been laid was not specific enough to preserve any possible error. We agree that the objection would have been more precise had defense counsel objected on the grounds that the State had not adequately proved that the appellant was the same man previously convicted. Nevertheless, we conclude that appellant's objection sufficiently notified the court and the State of his contention, and adequately preserved the error. See Cain v. State, supra, 468

S.W.2d at page 861, wherein the Court stated:
  "Further, the *proper predicate* for the introduction of a defendant's 'prior criminal record' under the provisions of Article 37.07, V.A.C.C.P., must be laid in the trial court before the jury in the particular case should be permitted to consider the same." (Emphasis supplied)

4. In Cain v. State, supra, defendant's father testified after the introduction of the exhibits and made reference to "those offenses." This Court held this testimony insufficient to connect defendant with any particular prior conviction.