Robert Lee LADAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–056 CR.

Court of Appeals of Texas,
Beaumont.

Feb. 29, 1984.

Rehearing Denied March 7, 1984.

Discretionary Review Granted
Oct. 17, 1984.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This is an appeal from a conviction for burglary of a building, with punishment enhanced by a prior conviction for aggravated assault. A jury found appellant guilty and the enhancement paragraph to be true. The jury assessed punishment at thirty years in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant's first two grounds of error state that the trial court erred in admitting State's Exhibits Thirty-two and Thirty-three in evidence. Exhibit Thirty-two was a certified copy of the judgment and sentence of a Robert Lee Laday in Cause No. 36820 in the 252nd District Court of Jefferson County, Texas, for aggravated assault, which had been alleged in the indictment for enhancement purposes. Exhibit Thirty-three was a certified copy of a judgment and sentence of a Robert Lee Laday in Cause No. 37774 in the 252nd District Court of Jefferson County, Texas for burglary. The contention is that there was no evidence offered by the State to identify appellant as the person so convicted in these exhibits. Of course, it is the State's burden "to go further and show by independent testimony that appellant was the identical person convicted under each of the ... judgments and sentences...." *Vessels v. State*, 432 S.W.2d 108, 116–117 (Tex.Crim.App.1968). *Daniel v. State*, 585 S.W.2d 688, 690–691 (Tex.Crim.App.1979), sets out specifically four ways this can be done. The State counters that appellant's objection to the exhibits at trial (where he was represented by a different attorney than his attorney in this appeal) was not the same as that urged on appeal and, therefore, not properly preserved for review, citing *McIlveen v. State*, 559 S.W.2d

**682**

815 (Tex.Crim.App.1977); *Lejeune v. State,* 538 S.W.2d 775 (Tex.Crim.App.1976).

As to Exhibit Thirty-two, which had been alleged in the indictment for enhancement purposes and which the jury found as true, no objection was necessary. The State simply did not carry through its burden of proof.

However, appellant's trial counsel objected to the admission of Exhibit Thirty-two, informing the court that appellant had already pled guilty to the enhancement allegation of the indictment. This would, we believe, satisfy the second method of proof found in *Daniel v. State, supra,* at page 690 (stipulation or judicial admission).

As to Exhibit Thirty-three, it is true as contended by the State, that there was no specific objection at trial of the failure to offer identification. Where the State offers such evidence, the defendant should either contest it or be found to waive its admission. But here, the State simply introduced the exhibit without any proof whatsoever that appellant and the person named in the exhibit were one and the same. We have examined numerous Texas cases on what is and what is not fundamental error.[1]

We have found no case precisely on point. We believe and find that when the State introduces a previous conviction and offers absolutely no proof of identification, the error is fundamental. For this reason, the ground of error is sustained and the case is remanded for a new trial.

Reversed and Remanded.

---

**1.** See authorities cited in *26 TEX.JUR.3d, Criminal Law §§ 3919 and 3949* (1983).