**Kevin Scott SZILVASY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 209–84.

Court of Criminal Appeals of Texas,
En Banc.

May 23, 1984.

Diantha Garrett Brennan, Houston, for appellant.

Steve W. Simmons, Dist. Atty. and Nick O. Martinez, Jr., Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for murder. After finding appellant guilty, the jury assessed punishment at life. Ap-pellant's conviction was affirmed by the Court of Appeals. *Szilvasy v. State,* 663 S.W.2d 530 (Tex.App.—El Paso 1983).

In his petition for discretionary review, appellant maintains that the Court of Appeals erroneously concluded that the evidence presented at trial was sufficient to corroborate testimony given by the accomplice Mazur. Specifically, appellant directs our attention to that portion of the opinion by the Court of Appeals which provided that "[f]urther corroboration was provided by Neil Odom...."

A review of the record in the instant cause reveals that Odom did not testify before the jury. Therefore, the Court of Appeals erred in considering Odom's testimony in determining whether the evidence was sufficient to corroborate the testimony of accomplice Mazur.

Pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex.Cr.App. Rules), appellant's petition for discretionary review is granted and this cause is remanded to the Court of Appeals for the Eighth Supreme Judicial District for reconsideration of appellant's first ground of error. This Court expresses no opinion with respect to the ultimate disposition of the ground of error, but only finds that the Court of Appeals erred in considering testimony which was not presented before the jury in concluding that the evidence was sufficient to corroborate the testimony presented by the accomplice.

The judgment of the Court of Appeals is vacated and this cause is remanded to that Court for reconsideration of appellant's first ground of error.