**Kevin Scott SZILVASY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–82–00107–CR.**

Court of Appeals of Texas,
El Paso.

July 11, 1984.

Rehearing Denied Aug. 10, 1984.

Bruce J. Ponder, El Paso, Diantha J. Garrett Brennan, Guiberson Law Offices, Houston, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION ON REMAND

WARD, Justice.

On November 23, 1983, this Court affirmed Appellant's judgment of conviction for the offense of murder. *Szilvasy v. State*, 663 S.W.2d 530 (Tex.App.—El Paso 1983). Thereafter, Appellant was granted discretionary review by the Court of Criminal Appeals, 678 S.W.2d 77. Without expressing an opinion as to the sufficiency of the State's corroboration of the accomplice testimony, that court correctly found that we had erroneously considered the corroborative testimony of witness Neil Odom, which was not presented before the jury during the trial. The cause was remanded to this Court to reassess the sufficiency of the corroboration under Appellant's Ground of Error No. One.

All references to the testimony of Neil Odom in our original opinion should be disregarded. That opinion indicates that Odom's testimony was only one increment of the corroborative evidence offered by the State. The remainder consisted of the testimony of Stephanie Narvaez, April Dann and Rolando Jaume, as well as Appellant's own confession. Even with the deletion of Odom's testimony, we adhere to our original conclusion that sufficient corroborative evidence connected the Appellant to the commission of the offense to support accomplice Mazur's testimony.

In addition to our original recitation of the other corroborative evidence, we note the following:

(1) Narvaez saw the Appellant and Mazur enter the bar together, and Appellant, not Mazur, asked her if there were any possible buyers of amphetamine present;

(2) Between 6:00 and 6:30 p.m., Appellant, not Mazur, told Narvaez that the victim (Simon) had "ripped off" his "speed;" Appellant was angry and told Narvaez that he "was going to kill that son-of-a-bitch;"

(3) Narvaez later saw Appellant and Simon arguing in the parking lot, punctuated by their shaking hands and leaving;

(4) April Dann gave the 1,500 amphetamine pills to Appellant, not Mazur, on the preceding day, Saturday, May 16;

(5) Simon was killed late Sunday night, May 17;

(6) At 12:30 a.m. May 18, April Dann met Appellant, Mazur and Appellant's roommate, Mark Quinn; she saw what appeared to be bloodstains on Appellant's clothing but none on Mazur's; Appellant told her he could not pay for the pills because they had been stolen;

(7) At 11:00 a.m. that same morning, Rolando Jaume met Appellant at Dann's house alone; Appellant asked if Ma-

zur could be trusted; when Jaume asked why, Appellant replied that he (Appellant) had killed someone the night before, slitting his throat with a broken bottle and stabbing him with a screwdriver.

Deleting the testimony of Odom and amplifying our original recitation of the corroborative evidence with the testimony summarized above, we find the corroboration sufficient. Ground of Error No. One is still overruled.

With regard to Grounds of Error Nos. Two and Three, we adhere to our original disposition and overrule them.

The judgment is affirmed.