**Robert Lee LADAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 399–84.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 9, 1985.

Douglas M. Barlow, Beaumont, for appellant.

James S. McGrath, Dist. Atty. and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This is an appeal from a conviction for burglary of a building pursuant to V.T.C.A. Penal Code, § 30.02(A)(1). Punishment, enhanced by proof of one prior felony conviction for aggravated assault, was assessed by the jury at 30 years confinement in the Texas Department of Corrections.

On February 29, 1984, the Beaumont Court of Appeals reversed the judgment of the trial court and ordered the cause remanded for a new trial. The court of appeals held that the State had failed to prove that appellant was the identical person who had previously been convicted of burglary of a building in Cause No. 37774 on March 4, 1980. *Laday v. State,* 685 S.W.2d 681 (Tex.App.—Beaumont, 1984). At the punishment phase of appellant's trial, the judgment and sentence in Cause No. 37774 were admitted into evidence to show the appellant's prior criminal record in accordance with Art. 37.07, § 3, V.A.C.C.P. The court of appeals held that there was no proof that appellant and the person named in the judgment and sentence were the same individual. Further, the court of appeals held that, even though there was no trial objection complaining of the failure to introduce identification evidence, such error was fundamental and required reversal.

In its petition for discretionary review, the State for the first time indicates that the record shows that the appellant and the person named in the judgment and sentence

tence in Cause No. 37774 are the same individual.[1]

The record reflects that the appellant took the witness stand and testified in his own behalf at the guilt-innocence stage of trial. During cross examination by the prosecuting attorney, the following colloquy occurred:

"Q. Mr. Laday, I want to make sure that you are the same Robert Lee Laday, who was finally convicted in Cause Number 36820, in the 252nd District Court of Jefferson County, Texas, on March fourth, Nineteen-eighty, for the offense of Burglary of a Building?

"A. Yes, sir.

"Q. And are you, also, the same Robert Lee Laday who was finally convicted in Cause Number 37774, in the 252nd District Court of Jefferson County, Texas, on March fourth, Nineteen-eighty, for the offense of Aggravated Assault?

"A. Well, I was convicted to serve those two cases running "CC", yes, sir.

"Q. Okay. You got sentences to run concurrent?

"A. Yes, sir.

"Q. But you are the same person finally convicted in each of those Cause Numbers?

"A. Yes, sir."[2]

■ This Court has approved several different methods by which it may be proved that a defendant is the same person previously convicted. See, *Daniel v. State,* 585

S.W.2d 688, 690–91 (Tex.Cr.App.1979). One such method is a judicial admission of the defendant that he has been so convicted. *Daniels,* supra; *Davison v. State,* 510 S.W.2d 316 (Tex.Cr.App.1974); *Beard v. State,* 458 S.W.2d 85 (Tex.Cr.App.1970).

■ We find that appellant's judicial admission at the guilt-innocence stage of trial is sufficient to prove he was the same individual named in the judgment and sentence in Cause Number 37774. Having so held, we need not consider whether the lack of such proof constitutes "fundamental error." [3]

The judgment of the court of appeals is reversed and the cause is remanded for consideration of appellant's other grounds of error.

CLINTON, Judge, concurring.

The reason for reversal given by the Beaumont Court of Appeals is: "We believe and find that when the State introduces a previous conviction and offers absolutely no proof of identification, the error is fundamental."

To justify that significant statement of law neither the court of appeals nor the parties have found any case "precisely on point." So we granted review to decide whether the statement is accurate, and, now that for the first time the State had discovered some evidence of that conviction, a majority wanted also to determine disposition of the underlying premise of appellant that, as stated by the court of appeals, "there was no evidence offered by

---

1. The sole issue presented to the court below both on original submission and on the State's Motion for Rehearing was whether the appellant had sufficiently· preserved the error for review. Neither party pointed the court to the appellant's judicial admission at the guilt-innocence phase of trial.

2. Even though the prosecuting attorney inadvertently got the cause numbers backwards when cross examining the appellant, we find that the appellant's affirmative reply to the question whether he was "the same person finally convicted in each of those Cause Numbers" [37774 and 36820] was sufficient to show appellant was the same person previously convicted

in each. See, *Davison v. State,* 510 S.W.2d 316 (Tex.Cr.App.1974).

3. This phraseology was used by the court of appeals in the context of the necessity of objecting (to the failure to introduce this type of evidence) in order to preserve error. Compare *Jackson v. State,* 493 S.W.2d 158 (Tex.Cr.App. 1973) (sustaining defendant's objection to the lack of identification evidence sufficient to cure error) with *Smith v. State,* 489 S.W.2d 920 (Tex. Cr.App.1973) (overruling defendant's objection to the lack of identification evidence constituted reversible error).

the State to identify appellant as the person so convicted in [the exhibit]."

Both the State and appellant failed the court of appeals. Appellant did not comprehend the effect of his testimony admitting prior convictions; neither on original submission nor on motion for rehearing did the State refute his contention that there was no evidence of identity. The point is purely a factual issue that should have been, but was not, joined in the court of appeals. Having granted review and found testimony contrary to the premise for which appellant contended, we are confronted with resolution of a matter so poorly presented to the court of appeals.[1]

The power and authority granted this Court is to review "decisions of the courts of appeals." Article V, § 5, Constitution of the State of Texas; Articles 4.04, § 2, 44.01 and 44.45, V.A.C.C.P. A decision flows from "the reason for such decision" set forth in a written opinion of a court of appeals. Article 44.24, *id.* Thus, the discretionary function of the Court is to determine whether "the reason for such decision" is correct in law. However, the majority expressly declines to address the reason given by the court of appeals for its decision to reverse the judgment of conviction in this cause, although review was granted for that very purpose. Instead, the majority favors the State with a sort of *de novo* determination of a claim that has not been presented to and decided by the court of appeals.[2]

Accordingly, the Court should review the significant statement of law given by the court of appeals as the reason for its decision, rather than dispose of the cause on a point that patently was not presented to that court nor decided by it. I will not approve such cavalier disregard of orderly exercise of power and authority in this Court to review decisions of courts of appeals and, therefore, do not join the majority opinion.

In my judgment, however, the reason given by court of appeals for its decision is not, in the circumstances shown by the record in this cause, "fundamental error." Thus, I concur in the judgment of the Court.

TEAGUE, Judge, dissenting.

I respectfully dissent to what the majority does in this cause because, in light of what has now been belatedly urged by the State before this Court, I believe that the proper course of action would be to remand this cause to the Beaumont Court of Appeals for it to reconsider its opinion.

The majority opinion correctly observes in its footnote 1 that "[n]either party pointed the court [of appeals] to the appellant's judicial admission at the guilt-innocence phase of trial." See *Branch v. State,* 445 S.W.2d 756 (Tex.Cr.App.1969), in which this Court stated the following, "We specifically reject appellant's claim that evidence offered at the guilt stage of the proceedings cannot be considered in determining the issue or issues to be determined at the penalty stage of the proceedings." (758).

The local assistant district attorney, who represented the State before the court of appeals and who also filed the petition for discretionary review on behalf of the State of Texas, confesses the following before this Court: "The State submits that the State's attorney [sic] on appeal ... overlooked the fact that appellant had admitted

---

1. The supreme irony is that in the court of appeals the State urged that appellant had not properly preserved the error, but here it would have us reverse the court of appeals on a point the State failed to raise for consideration by the court of appeals. In accommodating the State the majority sets a dreadful precedent that bodes much ill for the constitutional declaration that the State shall have no right of appeal in criminal cases. Article V, § 26.

2. Judge Teague takes his stand on firmer ground that is somewhat supported by recent precedent. See *Szilvasy v. State,* 678 S.W.2d 77 (Tex.Cr.App.1984). There, *without expressing any opinion as to ultimate disposition of ground of error,* this Court vacated judgment of court of appeals and remanded cause for reconsideration because court erred in concluding that evidence was sufficient to corroborate testimony of an accomplice by considering testimony not adduced before jury.

during the guilt phase [of the trial] that he was the same person who was convicted in Cause No. 37774 in the 252nd District Court of Jefferson County, Texas."

Thus, this Court is now placed in the position of reviewing, not by way of a petition for discretionary review, but by direct appeal, the State's belatedly urged contention. However, when it comes to some contention that the State urges before this Court in a petition for discretionary review, this Court has held the following: "The Rules of Post Trial and Appellate Procedure in Criminal Cases governing petitions for discretionary review in this Court do not authorize review of claims which have not been presented in an orderly fashion and determined by the appropriate court of appeals." *Noel v. State* (Tex. Cr.App., No. 827–83, delivered March 14, 1984). Cf. *Lambrecht v. State*, 681 S.W.2d 614 (Tex.Cr.App.1984).

Appellant, in his response to the State's Petition for Discretionary Review, which the majority opinion does not even bother to address, correctly points out the following: "If it was in fact an error for the Court of Appeals to sustain respondent's ground of error, it was incumbent upon the State to [at least] point out the error in its motion for rehearing. To allow the State to raise new matters not brought out in the original appeal or on rehearing would open up a panacea [sic] of problems by way of precedent. The parties could simply ignore the initial appeal and wait until the case came up on discretionary review to present issues which should have been settled in the lower courts."

It appears to me, in light of the State's above concession, that when the court of appeals wrote its opinion in this cause, it very well could have invoked and applied Rule 419, T.R.C.P., to this cause. That rule provides: "Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." Also see Art. 38.02, V.A.C.C.P.

Regardless of how the court of appeals decided this cause, I believe it is imperative for this Court to at least give the court of appeals the opportunity to state how it decided this cause before it hands down an opinion that, in my view, is a slap in the face to the court of appeals.

In the immortal words of my judicial brother Clinton, "To such a waste of time, resources, and effort of the criminal justice system I must dissent [to what the majority does in this cause]." *Turner v. State*, 662 S.W.2d 357 (Tex.Cr.App.1984) (Clinton, J., Dissenting Opinion).