Arthur ANTHONY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–89–388–CR, 13–89–389–CR.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Deanie M. King, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was indicted for theft and heroin possession. The cases were consolidated for trial, and a jury found appellant guilty of both offenses. Appellant elected to have the jury assess punishment. In the heroin case, the jury found that he had been previously convicted of two felonies, and it assessed punishment at life in prison. In the theft case, the jury found that he had been previously convicted of one felony, and it assessed punishment at the maximum allowed, 20 years in prison. On appeal, appellant contends that the State failed to prove the finality of a prior conviction, a 1981 burglary, which was used to enhance the punishment in both cases. We

agree with appellant and reverse the convictions.

At the punishment phase, appellant pleaded "not true" to the enhancement allegations, and the State introduced a penitentiary packet to prove that appellant had been convicted of burglary, in cause number 81–CR–155–G, in the 319th District Court of Nueces County. The packet contained a judgment and sentence, photographs of appellant, and a fingerprint card. A notation on the sentence stated, "Defendant gave oral notice of appeal."

■ A conviction from which an appeal has been taken is not considered final until the appellate court affirms the conviction and issues its mandate. *Johnson v. State,* 784 S.W.2d 413, 414 (Tex.Crim.App. 1990). Where the State introduces a sentence to prove the alleged prior felony conviction, and it reflects that the conviction was appealed, the State has the burden of proof to establish what disposition was made of the appeal. *Johnson,* 784 S.W.2d at 414; *Jones v. State,* 711 S.W.2d 634, 636 (Tex.Crim.App.1986); *Anthony v. State,* 732 S.W.2d 687, 692 (Tex.App.—Corpus Christi 1987, no pet.); *Coats v. State,* 788 S.W.2d 674 (Tex.App.—Corpus Christi, 1990, pet. filed); *see Arbuckle v. State,* 132 Tex.Crim. 371, 105 S.W.2d 219, 219–22 (App.1937). The State did not introduce a mandate of affirmance to show the disposition of the appeal.

■ The State argues that despite the above line of cases it proved that the conviction was final because appellant admitted during the guilt phase of trial that he had been convicted of this burglary. We agree with the State's general proposition that a defendant's admission may prove the prior conviction. *See Laday v. State,* 685 S.W.2d 651, 652 (Tex.Crim.App.1985). We disagree, however, that appellant's admission in the present case was sufficient.

In the present case, the State cross-examined appellant as follows at the guilt phase:

Q: And were you also convicted for the offense of burglary of a habitation on August 21, 1981, in Cause Number 81–CR–155–G, styled the State of Texas versus Arthur Anthony, in the 319th District Court of Nueces County, Texas?

A: Yes, I was.

The State relies on *Laday* to argue that this admission was sufficient to satisfy the State's burden. *Laday,* however, is factually distinguishable. In *Laday,* the defendant admitted to being *finally* convicted in certain cause numbers. *Laday,* 685 S.W.2d at 652. Two differences between the present case and *Laday* are apparent: 1) the defendant in *Laday* admitted to being *finally* convicted, and 2) there was no evidence in *Laday* that the conviction was not final.

Unlike *Laday,* appellant's admission relates directly to his conviction on *August 21, 1981.* The judgment introduced by the State reflects that August 21, 1981 was the date appellant was convicted in the trial court. Appellant did not admit to being *finally* convicted. Appellant's admission that he was convicted on that date cannot be construed as an admission that the conviction became final where other evidence shows that the conviction on that date was appealed and, therefore, not final. *See Spiers v. State,* 552 S.W.2d 851, 852 (Tex. Crim.App.1977) (defendant's admission that he was convicted did not satisfy State's burden to prove finality of conviction where State introduced copy of conviction showing that sentence was suspended).

■ The State also argues that the fingerprint card contained in the penitentiary packet shows the finality of the conviction because it shows that appellant was "received" in T.D.C. on November 20, 1983, from Nueces County for a seven year sentence. In *Coats,* we disposed of a similar contention. Evidence that appellant was "received" in T.D.C. in November 1983 does not establish beyond a reasonable doubt that appellant's conviction became final. Appellant may well have been incarcerated in T.D.C. before his conviction became final. *See* Tex.Code Crim.Proc.Ann. art. 42.09, § 5 (Vernon 1979). Accordingly, the circumstantial evidence fails to prove that appellant's conviction was final.

The State further argues that if it did not prove the finality of the conviction, then the error is harmless. Recently, the Court of Criminal Appeals has held that a harmless error analysis should not be undertaken when the State fails to meet its burden of proof with respect to the finality of convictions alleged for enhancement. *Russell v. State*, 790 S.W.2d 655 (Tex.Crim. App.1990). Accordingly, appellant's first point of error is sustained.

In light of our disposition, we need not address appellant's second point of error in which he contends that counsel was ineffective for not objecting to the use of a non-final felony conviction.

The judgment of the trial court in each case is reversed, and the causes are remanded to the trial court for proceedings in accordance with Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1990).