**Opinion filed July 25, 2024**



## In The

# Eleventh Court of Appeals

_____

### No. 11-23-00123-CR

_____

### ARMANDO SAUZAMEDA MENDOZA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR55111**

### M E M O R A N D U M   O P I N I O N

Appellant, Armando Sauzameda Mendoza, was charged by indictment with two counts of sexual assault of a child (Counts One and Two) and two counts of indecency with a child by contact (Counts Three and Four), each a second-degree felony. TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (f) (West Supp. 2023); § 21.11(a)(1), (d) (West 2019). The jury found Appellant guilty of Counts One,

Three, and Four, and not guilty of Count Two. The jury further found the enhancement alleged by the State to be "true" and assessed Appellant's punishment for each conviction at imprisonment in the Institutional Division of the Texas Department of Criminal Justice for sixty-five years. The trial court sentenced Appellant accordingly and ordered that the sentences imposed be served concurrently.

On appeal, Appellant contends that: (1) the evidence is insufficient to support his convictions; (2) improper statements were made by the State during its closing argument; and (3) the evidence is insufficient to support the jury's finding of "true" to the enhancement allegation. We affirm in part, and we reverse and remand in part.

## I.  *Factual Background*

On May 20, 2020, A.T. planned to stay overnight with her friend I.S. after a lake trip with I.S.'s family, which included Appellant, who is I.S.'s father. At the time, A.T. was sixteen. A.T. testified that after the girls went to bed that night, Appellant entered I.S.'s bedroom and asked A.T. to accompany him to the restroom. A.T. testified that, when she refused, Appellant pulled on her clothes, put his hands under her pajamas, and touched her anus, breasts, and vagina. A.T. testified that Appellant penetrated her vagina and anus with his fingers while she cried and told him to stop. Appellant eventually left but returned twice that night to kiss and touch A.T. in various ways. The final time Appellant returned to I.S.'s bedroom, A.T. testified that Appellant forced A.T. to grab his penis.

A.T. later called another friend and asked him to pick her up and take her home; when A.T. returned home, she immediately broke down and told her mother that Appellant had "touched her." A.T.'s mother then called the police and reported that Appellant had sexually abused A.T.

2

Donna Doyle is a sexual assault nurse examiner at Midland Memorial Hospital. She examined A.T. and took a history from her that described how Appellant had sexually abused her. Doyle testified that A.T. told her that Appellant put his hands in her pants and touched her vagina, and that after A.T. refused to go to the restroom with Appellant, he grabbed her arm and forced her to touch his "private part." Doyle identified the swabs that were secured during her examination of A.T. and testified that they were sent to the Lubbock Crime Lab for testing.

The State filed a timely notice of enhancement as to Counts One, Three, and Four that alleged Appellant had previously been finally convicted of possession with the intent to distribute fifty kilograms or more of marihuana, in the United States District Court of New Mexico, in cause number 2:12CR00587-001RB.

Appellant's wife testified that the name of Appellant's father, who is deceased, is Armando Sauzameda-Rodriguez. She also testified that Appellant previously resided in Kansas and that he was an electrician. During the punishment phase, the State offered several exhibits, which the trial court admitted, that purportedly linked Appellant to the prior conviction upon which it relied for enhancement purposes. In support of the enhancement allegation, the State offered a federal judgment of conviction against "Armando Sauzameda-Mendoza" in cause number 2:12CR00587-001RB, and an agreement to forfeit property filed in the same cause number. In the forfeiture agreement, a person with the same name as Appellant's deceased father agreed to forfeit $10,000 if the defendant named in the judgment of conviction failed to comply with the terms of release. The State also offered a motion to modify conditions of release filed in the same cause number. This motion requested the modification of the terms of release for "Armando Sauzameda-Mendoza" because he was currently employed as a master electrician in

Odessa, Texas, and he did not want to return to Cimarron, Kansas because of employment conditions there.

After finding Appellant guilty of Counts One, Three, and Four, the jury found the State's enhancement allegation to be "true" and assessed Appellant's punishment at sixty-five years' imprisonment for each conviction. This appeal followed.

## II. *Analysis*

### A. *Sufficiency of the Evidence*

In his first issue, Appellant asserts that the evidence is *factually* insufficient to support his convictions. At the outset, we note that the distinction between the legal and factual sufficiency standards of review has been abandoned. *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 289 (Tex. App.—Eastland 2010, pet. ref'd) ("Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable.").

Thus, we review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks*, 323 S.W.3d at 912; *Polk*, 337 S.W.3d at 288–89. Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be

4

afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence."). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Garcia*, 667 S.W.3d at 761 (quoting *Jackson*, 443 U.S. at 319). Therefore, if the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762.

We treat direct and circumstantial evidence equally under this standard. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee*, 676 S.W.3d at 915. Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Rather, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

As charged in this case, a person commits the offense of sexual assault of a child if, regardless of whether the person knows the age of the child at the time the

5

offense is committed, the person intentionally or knowingly causes the penetration of the sexual organ of a child by any means. PENAL § 22.011(a)(2)(A). A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact, regardless of whether the person knows the age of the child at the time the offense is committed. *Id.* § 21.11(a)(1). "Sexual contact" means any touching that is committed with the intent to arouse or gratify the sexual desire of any person, including any touching through one's clothing, of (1) the child's anus, breast, or any part of the child's genitals, or (2) any part of the child's body with a person's anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c); *see also Tienda v. State*, 479 S.W.3d 863, 873–74 (Tex. App.—Eastland 2015, no pet.).

Appellant contends that the evidence supporting his convictions is insufficient because (1) A.T.'s testimony was "uncorroborated" and "chock full of inconsistencies," and (2) the State's DNA evidence was "debunked." Appellant bases his first contention on the testimony of I.S. and Appellant's wife who testified that Appellant went to sleep in his bedroom and never entered I.S.'s bedroom that night.

The uncorroborated testimony of a child victim alone is sufficient to support a defendant's conviction for a sexual offense. *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd) (citing CRIM. PROC. art. 38.07 (West 2023)); *Chapman v. State*, 349 S.W.3d 241, 245 (Tex. App.—Eastland 2011, pet. ref'd); *see also Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). As such, the testimony of A.T., without more, can be sufficient to support Appellant's convictions. Furthermore, corroboration of the child victim's testimony by medical or physical evidence is not required. *Cantu v. State*, 366 S.W.3d 771, 775–76 (Tex. App.—Amarillo 2012, no pet.); *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—

6

Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). Consequently, the alleged lack of physical evidence is not pertinent to our sufficiency analysis because we cannot consider or speculate as to what evidence was *not* presented. *See Garcia*, 667 S.W.3d at 764–65; *Taylor v. State*, 555 S.W.3d 765, 775 (Tex. App.—Amarillo 2018, pet. ref'd).

As set forth above, A.T. described the acts of sexual abuse that Appellant committed against her. A.T.'s testimony, without more, is sufficient to support Appellant's convictions. *Wishert*, 654 S.W.3d at 328. Nevertheless, other evidence was presented to corroborate A.T.'s account of Appellant's sexual abuse. A.T.'s mother testified that A.T. reported the abuse to her soon after it had occurred. Doyle recounted A.T.'s description of what had occurred that night when A.T. was examined at the hospital. To the extent that there were any alleged inconsistencies or discrepancies in the testimony of A.T. or others, it was the jury's exclusive role to resolve those inconsistencies and we defer to their determination. *See* CRIM. PROC. art. 36.13; *Garcia*, 667 S.W.3d at 762.

With respect to the DNA evidence admitted at trial, Appellant contends that this evidence was "debunked" and that no rational jury could find Appellant guilty of any charged offense based on the State's DNA evidence because (1) the swabs did not indicate a genetic identification or match of Appellant and (2) Appellant's DNA expert, Dr. Michael J. Spence, disputed and cast doubt on the methodology espoused by the State's DNA expert, Laura Baker. Dr. Spence testified, among other things, that there was a possibility of cross-contamination between Appellant's DNA sample and the DNA taken from A.T.'s swabs because both samples were amplified on the same well plate.

Here, while the jury could have determined that Baker's methodology was susceptible to dispute based on cross-contamination as Dr. Spence claimed, the jury

7

was free to find that testimony inconsequential. *See Garcia*, 667 S.W.3d at 762. Baker testified that the lab complied with its protocol and took adequate precautions to prevent any cross-contamination and that no cross-contamination was detected during their testing and analysis. Baker also testified that Appellant could not be excluded as a contributor of the partial male DNA profile that was extracted from A.T.'s swabs. Thus, we cannot say that the jury's apparent acceptance of Baker's expert testimony was unreasonable. Further, and as we have said, the admission of medical or physical evidence is not required to support Appellant's convictions.

The jury is the exclusive judge of witness credibility and the weight to be afforded their testimony. *Winfrey*, 393 S.W.3d at 768; *Brooks*, 323 S.W.3d at 899. Thus, the jury is free to believe or disbelieve all or any part of a witness's testimony. *See Lee*, 176 S.W.3d at 458. If conflicts exist in the evidence or witness testimony, we presume that the jury resolved the conflicts in favor of their verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Viewing the evidence in the light most favorable to the jury's verdicts, we conclude that the record before us contains sufficient evidence from which a rational jury could have logically inferred and found beyond a reasonable doubt that Appellant was guilty of sexual assault of a child and indecency with a child by contact as charged in Counts One, Three, and Four of the indictment. Accordingly, we overrule Appellant's first issue.

B. *The State's Closing Argument*

In his second issue, Appellant contends that the State made impermissible statements during its closing argument that deprived him of a fair trial. Specifically, Appellant asserts that the State (1) commented on Appellant's right to remain silent, (2) urged the jury to infer that Appellant had previously committed the same offense,

8

(3) referred to Appellant as the "bogeyman," and (4) failed to comply with the trial court's limine order that required a ruling from the trial court before trial counsel could refer to any "crimes, wrongs or other acts" allegedly committed by Appellant. In response, the State asserts that Appellant did not preserve the above complaints for appellate review because no objections were made by Appellant to any of the above statements at trial.

To preserve a complaint for appellate review, the complaining party must present a specific, timely objection or motion to the trial court which states the specific grounds for the desired ruling. TEX. R. APP. P. 33.1(a)(1)(A); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021); *Burg v. State*, 592 S.W.3d 444, 448–49 (Tex. Crim. App. 2020); *see* TEX. R. EVID. 103(a). Further, the complaints and arguments raised on appeal must comport with and correspond to the objections the complaining party made, if any, at trial or they are waived. TEX. R. APP. P. 33.1(a)(1)(A); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); *Arevalo v. State*, 675 S.W.3d 833, 844–45 (Tex. App.—Eastland 2023, no pet.); *Dominguez v. State*, 474 S.W.3d 688, 699 (Tex. App.—Eastland 2013, no pet.).

Instances of improper jury argument are not exempt from the error preservation requirement. *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) ("The right to a trial untainted by improper jury argument is forfeitable.") (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996)). "Even an inflammatory jury argument is forfeited if the defendant does not pursue his objection to an adverse ruling." *Id.* In this regard, to preserve a complaint of improper jury argument, a defendant should (1) contemporaneously object to the prosecutor's statement(s) at the time the statement(s) is/are made, (2) request an instruction that the jury must disregard the statement(s) if the objection is sustained,

and (3) move for a mistrial if the request for an instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). Thus, Appellant was required to object to the prosecutor's alleged improper statements at the time they were made and proceed to an adverse ruling from the trial court to preserve his complaints for appellate review. *Id.*; *see also Cockrell*, 933 S.W.2d at 89 (holding that the right to be free from incurable jury arguments may be waived by a "failure to insist upon it"). Here, Appellant did neither. Therefore, he presents nothing for our review. *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89; *Cooks*, 844 S.W.2d at 727–28. Accordingly, we overrule Appellant's second issue.

  C. *The Enhancement Allegation*

  In his third issue, Appellant asserts that the State did not adduce sufficient evidence to prove beyond a reasonable doubt that Appellant is the same person who was previously convicted of the felony offense alleged in the State's notice of enhancement. Appellant argues that, because there is an absence of fingerprints, corroborating testimony, or other personal data information, the evidence does not sufficiently link Appellant to this conviction.

  The State's notice of enhancement alleges that "ARMANDO SAUZAMEDA MENDOZA was convicted of the felony offense of POSSESSION WITH INTENT TO DISTRIBUTE 50 KILOGRAMS AND MORE OF MARIJUANA on or about the 5th day of December, 2013, in Cause Number 2:12CR00587-001RB in the United States District Court of New Mexico."

  In reviewing the sufficiency of the evidence to support a finding that an enhancement allegation is "true," we examine all of the evidence in the light most favorable to the finding and determine whether, based on that evidence and any reasonable inferences arising from it, any rational trier of fact could have found the essential elements of the enhancement allegation beyond a reasonable doubt.

*Henry v. State*, 509 S.W.3d 915, 918–19 (Tex. Crim. App. 2016); *Wood v. State*, 486 S.W.3d 583, 589 (Tex. Crim. App. 2016).

"To establish that a defendant has been convicted of a prior offense, the State must prove *beyond a reasonable doubt* that (1) a prior conviction exists, and (2) the defendant is *linked* to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) (emphasis added). "The determination of whether sufficient evidence links the defendant to the prior conviction is made on a case-by-case basis." *Strehl v. State*, 486 S.W.3d 110, 113 (Tex. App.—Texarkana 2016, no pet.) (citing *Human v. State*, 749 S.W.2d 832, 835–36 (Tex. Crim. App. 1988)). While evidence of a certified copy of a final judgment of conviction may be a preferred and convenient means of proof, there is no specific document or mode of proof through which the State must utilize to establish these two elements. *See Henry*, 509 S.W.3d at 918; *Flowers*, 220 S.W.3d at 921. Rather, the totality of the circumstances determines whether the State has met its burden of proof on both elements. *Flowers*, 220 S.W.3d at 922–23.

Although the State may establish the existence of a defendant's prior conviction by offering a certified copy of a judgment of conviction, this alone is normally insufficient to link the defendant to the prior conviction, even if the name on the judgment and the name of the defendant on trial are the same. *Henry*, 509 S.W.3d at 919; *Beck v. State*, 719 S.W.2d 205, 209–10 (Tex. Crim. App. 1986). Thus, the State bears the burden of proving the necessary links by presenting independent evidence that shows that the defendant on trial and the person previously convicted are the same. *Beck*, 719 S.W.2d at 210. However, the State may also establish both elements—information to show that a prior conviction exists and the defendant's identity as the person previously convicted—by other means, including through (1) the defendant's admission or stipulation, (2) testimony from a

witness who was present when the defendant was previously convicted of the specified offense and can identify the defendant as the person who was previously convicted, (3) fingerprints supported by expert testimony that identifies the prints as those of the defendant, or (4) a judgment, pen packet, or other records that contain sufficient information or descriptors that show the defendant's identity or physical description, such as a photograph of the defendant. *Henry*, 509 S.W.3d 918; *Flowers*, 220 S.W.3d at 921–22; *see, e.g., Beck*, 719 S.W.2d at 209; *Littles v. State*, 726 S.W.2d 26, 31–32 (Tex. Crim. App. 1984); *Doby v. State*, 454 S.W.2d 411, 413–14 (Tex. Crim. App. 1970).

In this case, in an effort to link Appellant to the prior conviction that the State alleged in its notice of enhancement, the State offered (1) a certified copy of a 2013 judgment of conviction from the United States District Court of New Mexico showing that "Armando Suazameda-Mendoza" was convicted of possession with the intent to distribute 50 kilograms or more of marihuana in cause number 2:12CR00587-001RB, (2) an agreement to forfeit property in which "Armando Sauzameda-Rodriguez" agreed to forfeit $10,000 if the defendant in cause number 2:12CR00587-001RB failed to comply with any conditions of release, and (3) a motion to modify the terms of release for the defendant in the same cause number where the defendant requested to continue residing and working in Odessa as a master electrician rather than returning to Cimarron, Kansas because of working conditions. The State also adduced testimony from Appellant's wife that the name of Appellant's deceased father is "Armando Sauzameda-Rodriguez" and that Appellant had worked as a master electrician and had previously resided in Kansas. The State argues that when considered together, this information shows a clear picture that Appellant is the same person who was convicted of the offense as alleged in the notice of enhancement.

The State relies on the "pieces of the jigsaw puzzle" language in *Human* and *Flowers*. In this regard, in *Human*, the Court of Criminal Appeals stated the following:

> [T]he proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

*Human*, 749 S.W.2d at 835–36. Similarly, in *Flowers*, the court stated:

> The trier of fact fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece. Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle. The trier of fact looks at the totality of the evidence admitted to determine 1) whether there was a previous conviction, and 2) whether the defendant was the person convicted.

*Flowers*, 220 S.W.3d at 923 (footnote omitted).

The State points to *Human* as support for the general proposition that individual data points that are alone insufficient can be sufficient to prove the identity of Appellant when viewed together. In *Human*, the State offered (1) a final judgment of conviction in cause number F-78-8690-IQ for a James Daniel Human, (2) a booking order containing personal data information such as the height, weight, social security number, race, sex, address, and fingerprints for a James Daniel Human for indictment number F7808690, and (3) a fingerprint expert who testified that the fingerprints in the booking order and the known prints of the appellant, James Daniel Human, were made by the same person. *Human*, 749 S.W.2d at 839. There, the court held that when all the "pieces" of circumstantial evidence were considered together, there was sufficient evidence to exclude every reasonable

hypothesis of the identity of others, except for Human. *Id.* at 840. However, in this case, the evidence presented to the jury is distinguishable from that in *Human* and does not support a similar inference.

While the judgment of conviction that only showed Human's name was admitted by the trial court in *Human*, the State supplemented its proof with a booking order that included personal descriptors, personal data information, and expert testimony that confirmed the fingerprints and identity of Human. *Id.* at 839. Here, the federal judgment of conviction offered by the State contains only minimal descriptive information. Further, none of the "other" documents that the State offered to support the enhancement allegation include any personal descriptors or other information that identify Appellant—such as his date of birth, social security number, fingerprints, photographs, signatures, or other identifying information— and would establish that he is the same person who was convicted in cause number 2:12CR00587-001RB. Instead, the "other" documents offered by the State only identify Appellant's previous state of residence and current occupation. Moreover, no testimony was presented to establish that Appellant is the same person who was convicted in cause number 2:12CR00587-001RB. Simply put, beyond the federal judgment of conviction admitted at trial, which alone is insufficient to link Appellant to the prior conviction alleged by the State in the notice of enhancement, the other evidence or "pieces of the puzzle" offered by the State, when considered together, do not sufficiently *link* Appellant to that prior conviction.

Contrary to the State's arguments, we conclude that the evidence in this case is more closely akin to scenarios in which courts held that the evidence was insufficient to (1) link the defendant to the prior conviction, and (2) support a finding of "true" to the enhancement alleged by the State. *See Smith v. State*, 489 S.W.2d 920, 921–22 (Tex. Crim. App. 1973); *Barnes v. State*, 585 S.W.3d 643 (Tex. App.—

14

Texarkana 2019), *rev'd on other grounds*, No. PD-1072-19, 2021 WL 476483, at \*4 (Tex. Crim. App. Feb. 10, 2021) (not designated for publication) (holding that where the State linked Barnes to a judgment of conviction only through name and signature, the State did not meet its burden to prove that Barnes was the same person who had committed the prior Tennessee offenses); *Strehl*, 486 S.W.3d at 114 (holding that having two prior convictions for the same offense committed in the same county, with a defendant of the same name is legally insufficient, standing alone, to prove beyond a reasonable doubt that appellant was the same person who was convicted of the prior offense); *Prihoda v. State*, 352 S.W.3d 796, 809–10 (Tex. App.—San Antonio 2011, pet. ref'd) (holding that a full name and signature on the judgment of conviction in conjunction with an arresting officer's vague testimony about a prior conviction would not enable the trial court to fit these pieces of evidence together to link Prihoda, beyond a reasonable doubt, to the prior conviction); *see also Calhoun v. State*, No. 12-15-00081-CR, 2016 WL 5845828, at \*3–4 (Tex. App.—Tyler Sept. 30, 2016, pet. ref'd) (mem. op., not designated for publication).

The State contends that part of Appellant's name—Sauzameda—is unique enough to overcome the general rule that a defendant's name, alone, cannot sufficiently link him to a prior conviction. However, the State provides no authority to support its contention. In his reply brief, Appellant asserts that "a simple Google search reveals that persons named '*Mendoza*' appeared over 242,771 times in the United States 2010 census," and that the name "*Sauzameda*" appeared 103 times in the same census. Appellant requests that we take judicial notice of these facts. *See* Tex. R. Evid. 201. While we decline to do so, and regardless of these assertions, it was the State's burden to adduce evidence that *links* Appellant to the prior conviction, *beyond a reasonable doubt*. Proffered evidence that Appellant's name

15

is the same as or similar to another person, which the State argues, does not meet this element.

A thorough review of the record shows that the only evidence that could link Appellant to the prior conviction alleged for enhancement purposes is (1) the judgment of conviction that purports to include Appellant's full name, (2) an agreement that includes a name that matches the full name of Appellant's deceased father, (3) Appellant's occupation, and (4) Appellant's previous state of residence. Importantly, other than his full name, these documents contain no identifying characteristics or descriptors that are directly linked to Appellant. Further, unlike *Human* and the other cases upon which the State relies, here there is no admission, stipulation, fingerprint evidence, signatures, photographs, witness testimony, or other *independent* or descriptive evidence that identifies Appellant as the same person who was convicted in cause number 2:12CR00587-001RB, and as a result was subsequently incarcerated and later subject to supervised release.

Evidence that the defendant merely has the same name as the person who was previously convicted of another offense is not sufficient to satisfy the State's burden. *See Beck*, 719 S.W.2d at 210; *Littles*, 726 S.W.2d at 28. Without more, we cannot say that the State offered sufficient evidence to *link* Appellant, *beyond a reasonable doubt*, to the prior conviction for which it relied on for enhancement purposes. The "pieces of the puzzle" presented by the State in this case "do not fit together." For a rational jury to find that Appellant was, beyond a reasonable doubt, the same person who was previously convicted of the offense as alleged in the State's notice of enhancement, it was "incumbent on the State to go forward and show by *independent evidence* that the defendant [wa]s the [same] person so previously convicted." *Beck*, 719 S.W.2d at 210 (emphasis added). Here, the State failed to do so.

16

Even viewing the evidence in the light most favorable to the jury's finding of "true" to the enhancement allegation, as we must, we conclude that the evidence does not, beyond a reasonable doubt, link Appellant to the prior judgment of conviction. *See Prihoda*, 352 S.W.3d at 809–10. Accordingly, we sustain Appellant's third issue.

### III. *This Court's Ruling*

We affirm in part, and we reverse and remand in part. We affirm the judgments of the trial court as to Appellant's convictions on Counts One, Three, and Four as charged in the indictment, but we reverse each judgment with respect to punishment, and we remand these causes to the trial court for a new punishment hearing. *See* CRIM. PROC. art. 44.29(b) (West 2018); TEX. R. APP. P. 43.2.


W. STACY TROTTER
JUSTICE


July 25, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.