**S.E. DIGGLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–81–00872–CR, 05–81–00873–CR.**

Court of Appeals of Texas, Dallas.

Oct. 6, 1982.

Discretionary Review Refused Jan. 12, 1983.

Fred L. Tinsley, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and STEPHENS, JJ.

STEPHENS, Justice.

S.E. Diggles appeals from two judgments of conviction for illegal voter assistance. In each case, the circumstances of which are identical, she was sentenced to ten days in jail, probated for six months, and a $75.00 fine. Appellant's sole ground of error contends that the indictments were fundamentally defective for failure to allege a culpable mental state. We disagree, and consequently affirm.

Appellant was prosecuted under Tex. Elec.Code Ann. art. 15.30a (Vernon Supp. 1982), which provides:

> (a) In any single election, it is unlawful for a person, other than a clerk or deputy clerk for absentee voting or an election judge or clerk at a regular polling place, to assist in preparing the ballot of more than five voters who are not related as parent, grandparent, spouse, child, brother, or sister to the person rendering the assistance. A violation of this subsection is a Class B. misdemeanor. A person commits a separate offense for each voter assisted in violation of this subsection.

We recognize that when, as here, the statutory definition of an offense does not prescribe a culpable mental state, but does not plainly dispense with any mental element, a culpable mental state is nevertheless required. Tex.Penal Code Ann. § 6.02(b) (Vernon 1974) Tex.Penal Code Ann § 1.03(b) (Vernon 1974). Thus, in the present case, intent, knowledge, or recklessness will suffice to establish criminal responsibility. Tex.Penal Code Ann. § 6.02(c) (Vernon 1974).

Appellant misplaces his reliance on *Bocanegra v. State*, 552 S.W.2d 130 (Tex.Cr. App.1977) in contending that his indictments under the Election Code are fundamentally defective for failure to allege a culpable mental state. In *Bocanegra*, the indictment was defective because it failed to allege a culpable mental state anywhere in the instrument. Here, the indictments alleged, in relevant part, that appellant did:

> *[K]nowing and intentionally*, in the November 4, 1980, General Election in Dallas County, Texas, assist in the preparation of the absentee ballot of more than five voters who are not related to the said S.E. Diggles as parent, grandparent,

spouse, child, brother or sister, said voters being (names omitted); and the said S.E. Diggles was not, at the time of rendering assistance to said voters, a clerk or deputy clerk for absentee voting in Dallas County, Texas, nor was she a clerk or an election judge working at a regular polling place; .... [Emphasis added.]

Clearly, a culpable mental state has been alleged in this instrument.

 Appellant contends in the alternative that, even if the indictments do contain language describing the correct culpable mental state, such language must modify and refer to each and every element of the offense of illegal voter assistance requiring such a mental state to avoid a fundamental defect. We agree with this basic statement of the law. *See Ex parte Santellana,* 606 S.W.2d 331 (Tex.Cr.App.1980); *Brown v. State,* 600 S.W.2d 834 (Tex.Cr.App.1980); *Williams v. State,* 600 S.W.2d 832 (Tex.Cr. App.1980).

The culpable mental states alleged in the indictments before us adequately modify the allegations that the appellant assisted more than five unrelated voters. However, because of the placement of the first semicolon and conjunction "and," according to appellant, no culpable mental state is alleged as to the negation of appellant's status as a clerk or election judge. Thus, appellant argues that the State must prove that the appellant *knew* she was not a clerk or deputy clerk for absentee voting nor a clerk or election judge working at a regular polling place. We disagree.

 In construing a statute, we must look to the intent of the legislature and must construe the statute so as to give effect to that intent. *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382 (Tex.1982). It is clear that the legislature intended to allow only authorized officials to assist in the preparation of ballots. The language in the statute excepts certain persons from punishment for its violation, and it does so without qualification. Therefore, we hold the rule to be that the required proof of a culpable mental state does not apply to statutory exceptions where, as here, certain classes of persons are excepted in absolute terms.

We conclude the relevant culpable mental states contained in section 6.02(c) of the Penal Code do not apply to the exception stated in article 15.30a of the Texas Election Code allowing duly qualified clerks and election judges to assist in the preparation of ballots of unrelated voters. Thus, the indictments presented for our consideration are not fundamentally defective.

Judgment affirmed.