Barry AXELROD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00910–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 22, 1988.

Rob Walker, Roy Beene, Houston, for appellant.

John B. Holmes, Dist. Atty., John F. Carroll, Asst. Dist. Atty., Harris County, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a conviction for contributing to the delinquency of a child.

Appellant was charged by information with the offense of intentionally, knowingly, and recklessly encouraging, causing, and contributing to the delinquency of a child by allowing him to remain on premises where intoxicating liquor was consumed. A jury found him guilty, and after finding an enhancement allegation true, the trial court assessed punishment at confinement in the Harris County jail for 30 days.

The record reflects that on the evening of August 20, 1987, undercover Sheriff's Deputy Demetri Lemonitsakis entered the Feathers Club, an establishment featuring topless dancers. At the Feathers Club, a patron may bring his own alcohol, pay a 20-dollar fee, and is then allowed to stay and drink.

Lemonitsakis observed four young men, including Michael Raftelis, enter the club. A waitress seated the youths at a table where they remained for approximately one hour. Once seated, each young man pulled a bottle of liquor from the paper sack he carried, placed it on the table in front of him, and paid the waitress $20 for coca cola "set-ups."

Lemonitsakis was certain, by their appearance alone, that all four youths were minors. After observing the situation for about 20 minutes, during which time the youths continued to be served "set-ups" and the topless dancers began to dance, Lemonitsakis called and reported the incident to the police. When the uniformed officers arrived, the four young men were escorted outside. It was determined that all four were minors, Raftelis being only 16 years old.

Subsequently, Barry Axlerod, the owner of the Feathers Club, was arrested and charged by information with the offense of intentionally, knowingly, and recklessly encouraging, causing, and contributing to the delinquency of a child, Michael T. Raftelis, by encouraging him to drink intoxicating liquors, to-wit: by allowing him to remain on a premise where intoxicating liquor is consumed.

In his first four points of error, appellant asserts that the evidence is insufficient to prove beyond a reasonable doubt either that he knew Michael Raftelis was under the age of 21, or that he intentionally, knowingly, and recklessly allowed Raftelis to remain on premises where intoxicating liquor is consumed.

Lemonitsakis testified that just by observing the boys he could tell from appearance alone that they were minors. He further testified that when the boys entered the club, appellant was standing near the entrance door and looked directly at them when they came in, and at one point was only two to three feet away from one of the boys. Lemonitsakis also testified that appellant was in the club during the entire time and had an unobstructed view of the boy's table.

One of the minors, Paul Douglas Korman, testified that there were only some six to eight other people in the club, and that he was worried because he and his friends looked so much younger than the rest of the customers. He did not want the security officers to come over and ask to see any identification papers of the group, so he and at least one other minor hid their bottles of alcohol on the floor.

Steven Michael Thompson, another of the minors, testified that no employee of the Feathers Club had asked for any identification from any of the group. Raftelis further testified that no Feathers employee had asked or told the minors to stop consuming alcohol. All four of the minors testified that they did not see appellant in the Feathers Club on the night in question.

Appellant testified that he never stood around the bar and that he had been working in his office during the incident in question. He also claimed that he had never seen any of the four minors or Lemonitsakis before.

■ Where a defendant is charged with knowingly selling or making an alcoholic beverage available to a minor (and the defendant is not the parent, legal guardian, or adult spouse of the minor for whom the alcoholic beverage was made available), the

term "knowingly" requires proof that the defendant had *actual* knowledge that the buyer was a minor. *Starr v. State*, 734 S.W.2d 52, 53 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Appearance alone has been *consistently* held to be insufficient evidence to establish a defendant's knowledge of one's minority. *Dinh v. State*, 695 S.W.2d 797, 799 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). "In cases where evidence of knowledge of minority has been held sufficient, there has been evidence beyond physical appearance." *Id.* We conclude, therefore, that the evidence in this case is insufficient to prove the culpable mental states of "knowingly" or "intentionally" contributing to the delinquency of a child.

Appellant was also charged with "recklessly" contributing to the delinquency of a minor.[1] Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he recklessly allowed Raftelis to remain on the premises.

■ First, we observe that Tex.Penal Code Ann. sec. 6.03(c) (Vernon 1974) provides:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

*Id.*

The record reflects that there was evidence that appellant consciously disregarded the "substantial and unjustifiable" risk, which he should have reasonably anticipated, that underage males had gained admittance and were present in the club. It is neither unprecedented nor unusual for underage males to seek entrance into a club allowing alcohol consumption and featuring topless dancers.

The jury was presented with conflicting testimony, and as the triers of fact, the members of the jury could either believe or disbelieve any or all of the evidence offered to them. It is well settled that the applicable standard of review is whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). Additionally, when considering a "sufficiency of the evidence" point on appeal, the reviewing court will look at all of the evidence before it in the light most favorable to the verdict or judgment. *Id.*

As previously noted, the jury heard evidence that appellant was the owner of the Feathers Club, that he saw that the underage boys, including 16–year–old Raftelis, were in the club, and that he allowed them to remain on the premises. The record reflects that appellant never asked the minors for any identification, nor did he direct any of his employees to make such an inquiry.

Accordingly, applying the appropriate standard of review, we conclude that the jury, as rational triers of fact, could have found the essential elements of the crime beyond a reasonable doubt. After examining all of the evidence in the light most favorable to the jury's verdict, we find that the evidence was sufficient to prove beyond a reasonable doubt that appellant recklessly allowed Raftelis to remain on the premises where intoxicating liquor was consumed.

Points of error one through four are overruled.

■ In his fifth point of error, appellant urges that the evidence was insufficient to prove beyond a reasonable doubt that the "result" (the minor remaining on the premises where liquor was consumed) would not have occurred but for appellant's conduct. Appellant cites us to Tex.Penal Code Ann. sec. 6.04(a) (Vernon 1974), which provides:

---

1. The prosecutions in *Starr* and *Dinh* were brought under a different statute (Tex.Alco.Bev. Code Ann. sec. 106.06 (Vernon 1978)) and both alleged only that the defendants acted intentionally and knowingly, not recklessly as in the instant case.

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

Appellant contends that the testimony of the various witnesses during the trial clearly showed that his conduct did not result in Raftelis remaining on the premises where intoxicating liquors were being consumed.

However, appellant was the owner of the club, and evidence was presented that he knowingly or recklessly allowed the minors, including Raftelis, to remain where alcoholic beverages were being consumed. "Conduct" consists of either action or the failure to act, Tex.Penal Code Ann. secs. 6.01(a), (c) (Vernon 1974), and appellant's "conduct" was to do nothing. Through that passivity he and/or his employees did not ask the minors for identification, thereby failing to ascertain that the boys were minors and then requiring them to leave the premises. Such evidence was sufficient to prove beyond a reasonable doubt that the minors were allowed to stay on the premises as a result of appellant's inaction.

Appellant's fifth point of error is overruled.

■ In his sixth point of error, appellant complains that the trial court committed fundamental and reversible error in submitting the issue of recklessness to the jury, because the statute under which he was convicted does not provide for a conviction based upon reckless conduct.

Appellant failed to object to the charge at trial. Therefore, he will obtain a reversal on appeal only "if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short, 'egregious harm'." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

The controlling statute, Tex.Fam.Code Ann. sec. 72.002(a) (Vernon 1986), provides:

A person commits an offense if, in any case in which a child is caused to become a delinquent or a dependent and neglect-ed child, the person encourages by any act, causes, acts in conjunction with, or contributes to the delinquency, dependency, or neglect of the child.

Tex.Penal Code Ann. sec. 6.02(b) and (c) (Vernon 1974) provide:

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) of this section, intent, knowledge, or recklessness suffices to establish criminal responsibility.

*See also Diggles v. State,* 641 S.W.2d 667, 668 (Tex.App.—Dallas 1982, pet. ref'd). *Diggles* involved a violation of a section of the election code that carried criminal penalties but prescribed no mental state. The *Diggles* court held that intent, knowledge, or recklessness were sufficient to establish criminal responsibility. *Id.*

■ Section 72.002(a) prescribes no mental state, as in *Diggles,* and without requiring any overt acts, defines mere "contribution" to the delinquency of a child as sufficient for conviction. When the statutory definition of an offense does not prescribe a culpable mental state, but does not plainly dispense with any mental element under sec. 6.02, a culpable mental state is nevertheless required. Here, a culpable mental state has been alleged in the information, that charged appellant with "intentionally, knowingly, and recklessly ... contribut(ing) to the delinquency of a child ... by allowing him to remain on a premise where intoxicating liquor is consumed."

We hold that, as a matter of law, sec. 6.02(c) clearly authorizes a conviction grounded on reckless conduct. The evidence showed that appellant was "reckless" in that he consciously disregarded a risk of which he was aware, by allowing Raftelis to remain on the premises. We conclude that the trial court did not err in submitting the issue of recklessness to the jury.

Appellant's sixth point of error is overruled.

Appellant's seventh point of error asserts that the trial court committed reversible error when it allowed evidence of other offenses by other persons when there was no evidence connecting appellant to those offenses.

■ During the course of the testimony of Deputy Lemonitsakis, the following question, answer, objection, and ruling by the court transpired:

[PROSECUTOR]: Officer, what brought you to this club in the very first place?

[LEMONITSAKIS]: Well, we had been regularly conducting what we call compliance checks to see if the business is operating without any illegal activity in there. And we had prostitution cases made in there and public lewdness cases and liquor violations—

[DEFENSE COUNSEL]: Objection, Your Honor, that is totally uncalled for, should be stricken from the record. We have an allegation before the Court and to add to an information sheet with the information that he just asked, I would like to approach the Bench.

(Conference at the bench.)

[THE COURT]: Objection denied.

A point of error on appeal must comport with the objection at trial or it is waived. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim.App.1986). Appellant's objection at trial was confusing, vaguely worded, and apparently broken off in mid-sentence, thereby failing to comport with his point of error before us. Nothing is preserved for our review on appeal. We observe, moreover, that the State did not focus on the extraneous offenses, and no mention of them was made beyond the testimony of Deputy Lemonitsakis.

Appellant's seventh point of error is overruled.

■ In his eighth and ninth points of error, appellant asserts that his conviction was improperly enhanced because the offense of which he was convicted did not include any enhancement provisions. He argues that sec. 72.002 of the Family Code, the basis for the present prosecution, provides a punishment that is not classified under the Penal Code and is therefore excluded from the enhancement provisions of the Penal Code by operation of Tex.Penal Code sec. 1.03(b) (Vernon 1974).[2]

Section 72.002 of the Family Code does provide a punishment that is not classified in accordance with the Penal Code. However, Tex.Penal Code Ann. sec. 12.41 (Vernon 1974) provides that any conviction not obtained from a prosecution under the Penal Code shall be classed as a "Class B misdemeanor" if the offense is not a felony and confinement in jail is a possible punishment. Thus, the instant offense is classed "for purposes of this subchapter" D of chapter 12, Tex.Penal Code, as a Class B misdemeanor.

Tex.Penal Code sec. 12.43(b) (Vernon 1974) provides in pertinent part:

[i]f it be shown on the trial of a Class B misdemeanor that the defendant has been before convicted of Class A or Class B misdemeanor or any degree of felony, on conviction he shall be punished by confinement in jail for any term of not more than 180 days or less than 30 days.

In the instant case, appellant's conviction was enhanced with a 1985 conviction for the "misdemeanor of liquor violation." The enhancement paragraph of the information alleged that:

Before the commission of the offense alleged above, on MAY 13, 1985, in Cause No. 769495, in the COUNTY CRIMINAL COURT AT LAW NO. 04 of HARRIS County, Texas, the Defendant was convicted of the MISDEMEANOR of LIQUOR VIOLATION.

■ It is important to note that appellant pleaded "true" to this enhancement paragraph. Appellant's plea completely re-

---

**2.** Art. 1.03(b) provides:

The provisions of Titles 1, 2, and 3, of this code apply to offenses defined by other laws, unless the statute defining the offense provides other-

wise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code.

lieved the State of its burden of proof on the enhancement paragraph. *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.), *cert. denied*, 454 U.S. 840, 102 S.Ct. 149, 70 L.Ed.2d 123 (1981). Appellant presented no proof that the liquor violation alleged was a Class C misdemeanor, the only level of offense that under sec. 12.43(b), cannot be used for enhancement. Indeed, the punishment hearing apparently was not recorded, and no proof from either party is before us. For all this record reflects, the State may have produced a judgment in cause 769495 showing it to be a Class A or B misdemeanor. The burden is on the appellant to produce an appellate record demonstrating reversible error, and he has failed to do so. Tex.R.App.P. 50(d).

 We finally note that the enhancement paragraph is not invalid on its face, i.e., it does not show on its face that no. 769495 was a Class C misdemeanor and thus not available for enhancement. We take judicial notice that county courts have jurisdiction of Class A and B misdemeanor offenses. Tex.Code Crim.P.Ann. art. 4.07 (Vernon 1977), *see also* Tex.Code Crim.P. Ann. art. 4.11 (Vernon 1977), Tex.Penal Code Ann. secs. 12.21, 12.22, 12.23 (Vernon 1974). We further take judicial notice that the Alcoholic Beverage Code provides that certain violations are county court misdemeanors. Tex.Alco.Bev.Code Ann. secs. 28.06(b) and (d), 101.08, and 101.63 (Vernon 1978).

Thus, we have before us a silent record, a plea of true, and a facially valid enhancement allegation. No reversible error is apparent in this record.

Appellant's eighth and ninth points of error are overruled.

The judgment of the trial court is affirmed.