**Craig Ronald HARRISON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01509–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 24, 1997.

---

Cynthia Cline, Houston, for Appellant.

John B. Holmes, Julie Klibert, Houston, for Appellee.

Before TAFT, MARGARET GARNER MIRABAL and WILSON, JJ.

**OPINION**

TAFT, Justice.

A jury found appellant, Craig Ronald Harrison, guilty of theft. Appellant pled true to enhancement paragraphs alleging two prior convictions for aggravated robbery. The trial court found the enhancements true and sentenced appellant to 40–years confinement. This case raises the issue of whether an appellant who pled true to enhancement paragraphs may challenge on appeal the sufficiency of the evidence proving those enhancement allegations. We also address whether trial counsel rendered ineffective assistance by allowing appellant to plead true. We affirm.

1. The facts of *Harvey* show the State introduced

### Plea of True Waives Sufficiency Challenge

In point of error one, appellant contends the evidence was insufficient to support a finding of true to the first enhancement paragraph in the indictment. Appellant argues the judgment from the pen packet shows on its face that appellant appealed the conviction, thereby undermining proof of finality.

Appellant relies on *Tucker v. State,* 811 S.W.2d 694 (Tex.App.—Houston [1st Dist.] 1991, no pet.), in which this Court found insufficient evidence on facts indistinguishable from those in this case. The State acknowledges *Tucker,* but claims it conflicts with a long line of cases holding that a plea of true relieves the State of its burden to prove the enhancement allegations.

The record shows appellant initially entered a plea of not true at the punishment hearing. He proceeded to stipulate to the truth of the enhancement allegations, however, as well as to being the same person who had California convictions for second degree robbery (two offenses), second degree burglary (four offenses), grand theft, drive or take vehicle (two offenses), and possession of stolen credit cards. The State then introduced pen packets from Texas and California concerning appellant's prior convictions. Appellant stated affirmatively he had no objection to the pen packets and wanted to proceed by entering the stipulations. In the Texas pen packet, the judgment reflecting the conviction in the indictment's first enhancement paragraph ended with an addendum stating notice of appeal had been given. After the parties closed, the trial court reexamined appellant as to his plea and appellant changed his plea to true. Based on appellant's plea of true, the trial court found both enhancement paragraphs true.

■ In *Harvey v. State,* the Court of Criminal Appeals cited a line of cases for the proposition that a plea of true removes the State's burden of proving enhancement allegations. 611 S.W.2d 108, 111 (Tex.Crim.App. 1981).[1] The court thereby acknowledged the

evidence establishing Harvey had been previous-

rule that an accused who enters a plea of true to an enhancement paragraph cannot complain that the evidence is insufficient to support the same on appeal. *Id.*

This Court has followed *Harvey* in *Bonner v. State,* 728 S.W.2d 921 (Tex.App.—Houston [1st Dist.] 1987, no pet.), and *Axelrod v. State,* 764 S.W.2d 296, 302 (Tex.App.—Houston [1st Dist.] 1988), *dism'd as improvidently granted,* 789 S.W.2d 594 (Tex.Crim.App. 1990). In *Bonner,* the sufficiency challenge was the State's failure to prove the enhancement conviction was final. 728 S.W.2d at 923. Of what the State's proof consisted, if anything, is not set out in the opinion. *Id.* We applied the rule stated in *Harvey* and held the plea of true waived the sufficiency challenge, despite further complaint that the indictment did not allege Bonner had been *finally* convicted; the indictment only alleged appellant had been previously *convicted. Bonner,* 728 S.W.2d at 923. In *Axelrod,* the sufficiency complaint appears to have been that alleging only that Axelrod had been previously convicted of a misdemeanor did not rule out the possibility it was a Class C misdemeanor, too low a degree for use to enhance. *See Axelrod,* 764 S.W.2d at 302. The proof was unknown, because no statement of facts of the punishment hearing was brought before us. *Id.* While *Harvey* is noted as prevailing law in *Axelrod,* the decision turned on Axelrod's failure to produce a sufficient appellate record. *Axelrod,* 764 S.W.2d at 301–302.

In *Tucker,* this Court set out the facts in such detail that it is clear Tucker not only entered a plea of true, but stipulated to both convictions. 811 S.W.2d at 695. Thus, the facts are indistinguishable from those in this case. No mention of the well-settled rule of *Harvey* was made, however, and the opinion assumed it was the State's burden to prove the enhancement paragraphs, despite the plea of true. *Tucker,* 811 S.W.2d at 695–96. Instead of recognizing *Harvey,* we stated that the holding in *Tucker* was controlled by *Spiers v. State,* 552 S.W.2d 851 (Tex.Crim. App.1977). We noted that, in *Spiers,* even though the defendant "admitted" two prior convictions, the burden was on the State to prove the convictions were final. *Tucker,* 811 S.W.2d at 696. Apparently, in *Tucker,* an admission to two prior convictions in *Spiers* was equated with a plea of true and stipulation to evidence as to prior convictions. Were that a true equation, *Tucker* would be sound.

In *Spiers,* the Court of Criminal Appeals stated, "Although appellant admitted these two prior convictions, the burden was upon the State to prove that they were each final convictions." 552 S.W.2d at 852. Unfortunately, the facts are so sparse in *Spiers* that the plea is not indicated. The short opinion in *Spiers* does not even reveal at what point during the trial the admission of two prior convictions was made. Only by assuming that the admission in *Spiers* was his plea of true at the punishment stage would *Spiers* control *Tucker.*

The difference between an admission and a plea of true is illustrated in *Anthony v. State,* 794 S.W.2d 526 (Tex.App.—Corpus Christi 1990, pet. ref'd). Anthony entered a plea of

---

ly convicted of a felony even though Harvey had entered a plea of true. *Id.* at 112. In all of the cases cited in *Harvey* for the proposition that a plea of true waives challenges on appeal to the sufficiency of the evidence supporting the enhancement allegations, the appellants challenged that sufficiency despite the plea of true. In most of the cases cited in *Harvey,* one is unable to determine what evidence, if any, was submitted to prove the enhancement paragraphs because the analysis ends upon observing that a plea of true was entered. *See Graham v. State,* 546 S.W.2d 605, 608 (Tex.Crim.App.1977); *Latta v. State,* 507 S.W.2d 232, 233 (Tex.Crim.App.1974); *O'Dell v. State,* 467 S.W.2d 444, 447 (Tex.Crim. App.1971). In one case, however, the evidence the State presented, after the appellant's entry of a plea of true was entered, is set out. *See Dinn v.*

*State,* 570 S.W.2d 910, 915 (Tex.Crim.App.1978). The State offered a pen packet pertaining to the alleged prior conviction, but did not call a fingerprint expert or other witness to establish Dinn was the person named in the documents. *Id.* Neither had Dinn been asked while on the witness stand whether his prior conviction was the one alleged in the indictment. *Id.* The Court of Criminal Appeals held Dinn's plea of true to the enhancement paragraph precluded his appellate complaint that the evidence was insufficient. *Id.* While none of these cases expressly involves the type of insufficiency of the evidence supporting an enhancement paragraph before us in this case, we note that the failure to prove the finality of a prior conviction is merely one way in which the State might insufficiently prove an enhancement paragraph.

not true, and the State introduced a pen packet with a sentence noting "Defendant gave oral notice of appeal." *Id.* at 527. The State failed to prove finality by producing a mandate of affirmance to show the appeal had been disposed. *See id.* On appeal, the State relied on appellant's admission to his conviction at the guilt phase of trial. *Id.* The State cited *Laday v. State*, 685 S.W.2d 651, 652 (Tex.Crim.App.1985), in which the defendant's admission to being *finally* convicted was held sufficient evidence of finality. *Anthony* distinguished between admissions to being "convicted" and to being "finally convicted," finding Anthony's admission to being convicted insufficient to prove finality as in *Spiers*. *Anthony*, 794 S.W.2d at 527.

*Tucker* also cited *Sanders v. State*, 785 S.W.2d 445 (Tex.App.—San Antonio 1990, no pet.). *Sanders* stands for the proposition that even though a defendant pleads true to an enhancement allegation, the record may affirmatively reflect that the prior conviction actually was not final. *See id.* at 448. In *Sanders*, the alleged prior conviction was one for which Sanders was assessed probation; the probation was not revoked (thereby making the conviction final) until *after* the trial court had sentenced Sanders to an enhanced punishment based on having found the prior conviction final. *See id.* Under these conditions, the Fourth Court of Appeals considered the error, and reversed for a new punishment hearing, in the interest of justice. *Id.* at 448–49.

The difference between *Sanders* and this case is that here there is no affirmative showing appellant's prior conviction actually was not final. An entry on a judgment or sentence that a conviction was appealed only establishes that, at the time of that entry, the conviction was not final. It does not affirmatively show, as in *Sanders*, that the conviction actually was not final prior to commission of the primary offense. *Sanders* represents a very narrow exception, which does not apply here, to the *Harvey* rule that a plea of true to enhancement allegations establishes their sufficiency.

We conclude that, in *Tucker*, we erred in equating a defendant's admission to prior convictions with his plea of true to enhancement paragraphs, thereby holding the case was controlled by *Spiers*. Fortunately, *Tucker* does not appear to have been followed as to its erroneous aspect.

Only two cases have cited *Tucker*. *See Walker v. State*, No. 01–95–00264–CR (Tex. App.—Houston [1st Dist.] October 3, 1996, n.p.h.) (not yet published); *Gonzales v. State*, 831 S.W.2d 491, 493 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). *Walker* cited *Tucker* for the proposition that the State must prove finality when it introduces a judgment showing the conviction is on appeal. *Walker*, slip opinion at 6–7. There is no mention in *Walker* about what plea was entered. In *Gonzales*, a plea of not true was entered. *Gonzales*, 831 S.W.2d at 492. *Tucker* was cited for the proper remedy when the State fails to meet its burden of proving finality. *Gonzales*, 831 S.W.2d at 493.

Under these circumstances, we overrule *Tucker* to the extent it did not follow the rule that a plea of true to enhancement paragraphs waives a challenge to sufficiency of the evidence on appeal. We hold that appellant's plea of true precludes his complaint about insufficient evidence supporting the first enhancement paragraph. Accordingly, we overrule appellant's first point of error.

### Ineffective Assistance of Counsel

In point of error two, appellant contends trial counsel was ineffective during the punishment phase of trial by stipulating true to the enhancement paragraphs contained in the indictment. Appellant asserts if appellant had pled not true, the State's evidence would have been insufficient to prove the first enhancement paragraph. Appellant claims harm because the range of punishment would have been much lower (two to 20 rather than 25 to 99 or life).

The standard for determining effective assistance of counsel at the punishment stage of trial is whether trial counsel was reasonably likely to render, and whether counsel reasonably rendered, effective assistance of counsel. *Ex parte Cruz*, 739 S.W.2d 53, 57 (Tex.Crim.App.1987). Sufficiency of assistance is gauged by the totality of the repre-

sentation. *Mercado v. State*, 615 S.W.2d 225, 228 (Tex.Crim.App.1981). Assertions of ineffective assistance of counsel must be firmly founded in the record. *Harrison v. State*, 552 S.W.2d 151, 152 (Tex.Crim.App.1977).

 It is conceivable that appellant could have pled not true, refused to stipulate to any of the matters to which he stipulated, and, *if* the State had not brought further proof of finality of the first enhancement conviction, appellant could have successfully challenged the sufficiency of the evidence proving his first enhancement paragraph. This assumes the State was not prepared to prove these matters without appellant's cooperation. We decline to make assumptions about matters relating to ineffective assistance of counsel that are not firmly founded in the record. *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

Accordingly, we overrule appellant's second point of error.

### Conclusion

We affirm the trial court's judgment.

All Justices voted for en banc review.

SCHNEIDER, C.J., and COHEN, WILSON, HEDGES and NUCHIA, JJ., join the majority opinion of TAFT, J.

O'CONNOR and ANDELL, JJ., join the dissenting opinion of MARGARET GARNER MIRABAL, J.

MARGARET GARNER MIRABAL, Justice, dissenting.

I respectfully dissent.

The majority today is overruling a well reasoned opinion from this Court, *Tucker v. State*, 811 S.W.2d 694 (Tex.App.—Houston [1st Dist.] 1991, no pet.). In my opinion, *Tucker* is good law.

In the process of overruling *Tucker*, the majority is relying on cases that are distinguishable in a material respect: none of the cases the majority relies on include the key component of the State raising the issue of whether a prior conviction was final through evidence put on by the State. In my opinion, if the State puts on evidence that raises an issue about whether a conviction is final, then the State has the burden to go forward and prove actual finality, even though the defendant has pled "true" to the enhancement paragraph.[1]

The majority does not dispute that, if the record *affirmatively reflects* that a prior conviction was *not final*, then the conviction *cannot* be used to enhance punishment, *even though* the defendant pled "true" to the enhancement allegation. Such was the holding in *Sanders v. State*, 785 S.W.2d 445, 448 (Tex.App.—San Antonio 1990, no pet.). *Tucker* logically extends the *Sanders* holding to support the conclusion that, if the State puts on evidence that *affirmatively shows* that a conviction was appealed and therefore *may not* be final, then the conviction cannot be used to enhance punishment unless the State resolves the issue and shows the appeal has come to an end. *Tucker*, 811 S.W.2d at 695–96.

*Tucker* is on "all-fours" with the present case. We have found no other reported case with the same facts. *Tucker* makes sense. We should follow *Tucker* .

Accordingly, I would sustain appellant's first point of error and remand the case to the trial court for a new punishment hearing.

On en banc review, O'CONNOR and ANDELL, JJ., join Justice MARGARET GARNER MIRABAL's, dissenting opinion.

---

1. The general rule is that a plea of true removes the State's burden of proving enhancement allegations. I have no quarrel with the cases cited by the majority in support of that rule. (*Harvey, Bonner, Axelrod*). However, in those cases there was no indication that a prior conviction had been appealed—the records before the courts raised no question about finality of the prior convictions. If the record is *silent* about finality, the State has met its burden in the face of defendant's plea of true; such is not the case here.