NO. 07-99-0388-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 5, 2001

_____

DAVID WAYNE McCULLOUGH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 12,163-C; HONORABLE ED NOBLES, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant David Wayne McCullough was convicted by a jury of assault on a public servant and pursuant to an agreement, punishment was assessed by the court at 25 years confinement. In presenting this appeal, counsel has

filed an *Anders*[1] brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of her motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated. Thus, she concludes the appeal is frivolous and without merit. Counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. By letter the State indicated it only desired to file a brief if appellant filed a *pro se* brief. Appellant did not file a *pro se* brief.

A review of the record establishes that on the evening of December 22, 1996, appellant was involved in an automobile accident. Officer Brent Bryant was dispatched to the scene to assist with the investigation. Upon arriving, he noticed that appellant was very agitated and that there were indications he was intoxicated. Officer Douglas Harlan was also called to the scene because he was certified in the horizontal gaze nystagmus sobriety test. Appellant, who was sitting on a curb, ran away as Bryant approached him.

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2

Bryant pursued him for approximately one block and apprehended him. The testimony of several witnesses established that appellant resisted, struggled, was uncooperative, and shouted vulgarities at the officers. Several officers managed to subdue appellant and place him in handcuffs. Leg restraints were also placed on appellant to enable the officers to place him in the back of the patrol car. According to Harlan's testimony, appellant appeared violent and made threats such as "you're dead," "your mother is dead," and "when I get out, I am going to kill you." Officer Bryant and appellant drove to the county jail and Officer Harlan followed in his patrol car. While in the elevator at the jail facilities, appellant kicked Harlan and together with Bryant they fell to the ground. He then kicked Bryant in the nose causing it to bleed. County deputies responded to assist the officers.

After appellant was placed in a cell and the officers began their paperwork, they heard loud banging. They discovered that appellant was banging his head against the cell wall and a county deputy used pepper spray on appellant to calm him down. Appellant had blood in one of his ears and it was determined that he should be taken to the hospital for medical clearance. He was transported to a nearby hospital in a larger vehicle than a patrol car because of the difficulty the officers had encountered in placing him in a patrol car the first time. At the hospital appellant's behavior prevented the staff from treating him. He refused to be treated and spit on the nurse and shouted profanities. A doctor suggested he be taken to another hospital. Upon arriving at a second hospital, appellant was still agitated, spitting, and uncooperative. He was restrained on a board and sedated for a CAT scan. Other than a small laceration on his ear, the doctor testified that he did

3

not observe any other cuts or bruises on appellant, and his CAT scan was normal. He did observe that appellant was suffering from acute alcohol intoxication. Appellant was released and taken back to the county jail.

Bryant and Harlan offered conflicting testimony regarding whether appellant was still bound by leg restraints when he kicked them in the elevator. The officers testified that the incident in the elevator was chaotic and they could not be sure whether the leg restraints were in place or had become loose. The restraints were described as Velcro restraints which could have come loose while appellant was struggling with the officers. The evidence also established that appellant never claimed that the officers had kicked or beaten him.

After a jury found appellant guilty of assault on a public servant, he agreed to have the court assess punishment pursuant to a plea agreement. The State gave him notice of its intent to introduce two prior convictions during punishment. However, trial counsel objected to the introduction of one pen packet as not being self-authenticating because it had been unstapled and restapled. After brief argument, the court overruled counsel's objection and held that there was no evidence to indicate the pen packet was not authentic. Thereafter, appellant plead true to the enhancement paragraphs and the trial court assessed punishment at 25 years confinement in accordance with the agreement.

Counsel presents three arguable points of error on appeal and then candidly concludes why no reversible error is presented. First, sufficiency of the evidence is

4

challenged. However, counsel concedes that the evidence presented established the elements of the crime. The State established that Officers Bryant and Harlan were uniformed public servants lawfully discharging their official duties and that appellant intentionally or knowingly made threats, caused bodily injury, or caused offensive physical contact. Tex. Pen. Code Ann. § 22.01 (a) and (b) (Vernon Supp. 2001). Despite conflicting testimony from the officers regarding whether appellant was in leg restraints when he kicked them, it was within the exclusive province of the jury as the sole trier of fact to reconcile the conflict. Tex. Code Crim. Proc. Ann. art 38.04 (Vernon 1979); *see also* Losada v. State, 721 S.W.2d 305, 309 (Tex.Cr.App. 1986).

By counsel's second point, she questions the authenticity of the pen packet containing different staple holes. However, as counsel points out, any complaint regarding the staple holes would go to the weight of the evidence and not its admissibility. Robinson v. State, 739 S.W.2d 795, 802 (Tex.Cr.App. 1987). Furthermore, appellant's plea of true to the enhancement paragraphs waives a challenge to the authenticity of the pen packet and relieves the State of its burden to prove the enhancement allegations. Harrison v. State, 950 S.W.2d 419, 420 (Tex.App.–Houston [1st Dist.] 1997, pet ref'd); *see also* Harvey v. State, 611 S.W.2d 108, 111 (Tex.Cr.App. 1981) (holding that an accused who enters a plea of true to enhancement allegations cannot complain that the evidence is insufficient to support the same on appeal).

By her final arguable point, counsel raises ineffective assistance of counsel and concedes that trial counsel's performance was within the reasonably professional norm required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Trial counsel conducted a legally sound *voir dire* and no objectionable jurors served on the jury. He also effectively cross-examined witnesses and brought out inconsistencies in their testimonies. Numerous objections were made and sustained. Trial counsel negotiated a plea agreement for the minimum punishment possible for appellant's conviction with enhancements. Based on the totality of trial counsel's representation, we agree with appellate counsel that appellant received effective assistance of counsel. *See* Garcia v. State, 887 S.W.23d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Per Curiam

Do not publish.