In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00090-CR


______________________________




MATT SHANNON WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0116355




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Matt Shannon Williams appeals from his conviction for aggravated sexual assault
on a child. He argues the court erred by admitting a videotaped interview with the child in
accordance with the State's suggestion it was an "outcry statement" admissible under the
statutory outcry exception to the hearsay rule.

 The State offered the videotape as a sort of adjunct to the outcry testimony of a
police officer who was present when the videotape was made. Williams agreed the officer
was a proper outcry witness, but objected on numerous grounds to the proffer of the
videotape of the interview in addition to the officer's description of the interview. 

 We first observe that Article 38.071, (1) which provides a method for admitting such
an oral statement in a recording when the child is unavailable to testify, does not apply to
this case. The child was called by the State and testified at length at trial.

 Accordingly, we confine our review to determining whether the videotape, in addition
to the testimony of the live "outcry" witness, Detective Charles Veilleux, was admissible
under the auspices of Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2003). 
Article 38.072 permits the state to introduce the substance of "outcry" statements by child
victims of certain enumerated offenses, notwithstanding the hearsay rule, if certain
conditions are met. 

 The statute provides that a statement meeting its requirements is not inadmissible
because of the hearsay rule if a party gives fourteen days' notice of its intention to offer the
statement, "provides the adverse party with the name of the witness through whom it
intends to offer the statement," and provides a written summary of the statement. The
court must find the statement reliable, and the child must either testify or be available to
testify. 

 There are two problems with the admission of the videotape in this case. 1) The
written notice given by the State does not refer to a videotape, but only gives notice the
State would offer the testimony of Veilleux about the first statement made by the child. 2)
The statute contemplates the admission of a witness who will testify about a statement by
a child that would otherwise be hearsay-not the admission of a videotape of that
statement. See Tex. Code Crim. Proc. Ann. art. 38.072, § 2(a)(2) (restricting exception
to allow admission of statements describing alleged offense made to only "the first person"
to whom child made statement about offense). (2)

 Although this matter was raised at trial, Williams has not addressed the adequacy
of the notice in his brief to this Court. 

 The question before this Court is whether a trial court may choose to admit both the
statements of the outcry witness and a videotape of the outcry itself into evidence. We
conclude it may not. 

 The statute contemplates the testimony of a live individual at trial who would be
subject to cross-examination, rather than some form of written or recorded statement. (3) An
"outcry" witness is by definition not the victim, but a witness who repeats what the victim
said. A videotaped interview does not provide such a third-party repetition. It is, instead,
the statement itself. Veilleux could properly testify about the statements made by the child
in her outcry; but to allow him to testify about them, and then also admit the videotape of
the interview in which the outcry was made, is outside the scope of the statute.

 The Legislature has recognized the types of safeguards required to ensure such
statements are properly and fairly taken and presented, as shown by the extensive and
specific requirements of Article 38.071. See Tex. Code Crim. Proc. Ann. art. 38.071
(Vernon Supp. 2003). This is also reflected by the express inclusion in Tex. R. Evid.
801(e)(1)(D) of language stating that a prior statement is not hearsay if taken and offered
in a criminal case in accordance with Article 38.071. No such safeguards appear in Article
38.072. That is understandable, because the statute is designed to apply to the testimony
of a third party-not to a videotaped interview.

 In this case, there was only one outcry witness: Veilleux. The videotape was not
an outcry witness; it was a statement made by the victim. It was obviously offered for the
truth of the matters asserted, and thus the question is whether the videotape was otherwise
admissible as an exception to the hearsay rule. In making our determination, we review
the trial court's decision to admit or exclude evidence under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will not
reverse a trial court whose ruling was within the "zone of reasonable disagreement." Id.
at 102. 

 There is no hearsay exception that appears to apply to this situation. Accordingly,
we must conclude the trial court abused its discretion by admitting the videotape into
evidence and by allowing the detective to review the interview in detail for the jury. 

 The remaining question is whether this error requires reversal. In order to properly
conduct a harm analysis under Tex. R. App. P. 44.2(b), we need only determine whether
the error affected a substantial right of the defendant. To make this determination,
appellate courts must decide whether the error had a substantial or injurious effect on the
jury verdict. The very process of reaching this decision is the performance of a Rule
44.2(b) harm analysis. Llamas v. State, 12 S.W.3d 469, 471 n.2 (Tex. Crim. App. 2000).

 We recognize that, in a case recently decided by this Court, we concluded a
videotape of a victim's testimony in similar circumstances that was considered by a jury
provided a basis for finding the improper admission of other evidence harmless. In that
case, however, there was no objection to the admission of the videotape. Josey v. State,
97 S.W.3d 687, 698 (Tex. App.-Texarkana 2003, no pet.).

 The improper admission of evidence does not constitute reversible error if the same
facts are proved by other properly admitted evidence. See Brooks v. State, 990 S.W.2d
278, 287 (Tex. Crim. App. 1999) (holding any error in admission of hearsay testimony
harmless in light of other properly admitted evidence proving same fact); Matz v. State, 21
S.W.3d 911, 912 (Tex. App.-Fort Worth 2000, pet. ref'd); Couchman v. State, 3 S.W.3d
155, 160 (Tex. App.-Fort Worth 1999, pet. ref'd). 

 In this case, even though erroneously admitted by the trial court, the videotape 
essentially repeated the previous trial testimony of the victim. Because the videotape is
cumulative of properly admitted testimony on the same issue, even though the trial court
erred in admitting the videotape, we must disregard the error because it could not have
affected Williams' substantial rights. See Tex. R. App. P. 44.2(b); Jensen v. State, 66
S.W.3d 528, 536-37 (Tex. App.-Houston [14th Dist.] 2002, pet. ref'd).

 Williams next contends the trial court erred by considering his "conviction" in
California in the sentencing phase when that conviction was not final under California law. 
However, the record reflects that, when asked to plead to the enhancement, Williams pled
"true." This is typically sufficient in itself to support a finding of a final conviction. Harvey
v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); Harrison v. State, 950 S.W.2d 419
(Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (discussing application of this concept). 
Further, there was no argument made at the time that the conviction was not final. Thus,
the issue was not preserved for appellate review. See Tex. R. App. P. 33.1.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 10, 2003

Date Decided: September 11, 2003


Do Not Publish

1. Article 38.071 of the Texas Code of Criminal Procedure provides that the recording
of an oral statement by a child who is younger than thirteen and a victim of certain
offenses, is admissible in evidence so long as certain prerequisites are met, one of which
is that the court finds the child is unavailable to testify at trial. Tex. Code Crim. Proc. Ann.
art. 38.071, § 1 (Vernon Supp. 2003); Carlock v. State, 99 S.W.3d 288, 292 (Tex.
App.-Texarkana 2003, no pet.) (reviewing different aspect of article).
2. At trial, Veilleux testified and the videotape was introduced by the State after the
victim had testified. 
3. The rule provides for only one outcry witness. Before more than one outcry witness
may testify, the outcry must be about different events, not simply the repetition of the same
event as related by the victim to different individuals. Broderick v. State, 35 S.W.3d 67, 73
(Tex. App.-Texarkana 2000, pet. ref'd).