07-03-0507-CV


07-04-0001-CV


07-04-0002-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 20, 2004



______________________________




BETTY ANN NEWBY, APPELLANT



V.



SHERIA ANN EVANS, ET AL., APPELLEE




_________________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER STRIKING MOTIONS


 On March 15, 2004, Betty Ann Newby (Newby) presented a Motion for Extension
of Time to File Motion for Rehearing and a Motion for Rehearing to the clerk for filing. 
Neither motion set out an appellate cause number in which the documents were to be filed. 

 By letter dated March 29, 2004, the clerk advised Newby that the motions had not
been filed with the papers of any appeal because the motions lacked designation of the
appeals in which they were to be filed. The clerk's letter also advised Newby that the court
had directed the motions to be redrawn; that the redrawn motions were to designate an
appellate cause number in which the motions were to be filed; and that failure to file
redrawn motions on or before April 8, 2004, would result in the motions being stricken.

 No redrawn motions have been filed. The motions are stricken.

 The clerk is directed to file a copy of this order in each appellate cause now pending
or which has been pending in this court during calendar year 2004 and in which Newby is
or has been a named party. 

 Per Curiam.



he controlling authorities, there is no
error in the court's judgment. Counsel has also shown that she sent a copy of the brief to
appellant, and informed appellant that, in counsel's view, the appeal is without merit. In
addition, counsel has demonstrated that she notified appellant of his right to review the
record and file a pro se brief if he desired to do so. By letter the State indicated it only
desired to file a brief if appellant filed a pro se brief. Appellant did not file a pro se brief. 

 A review of the record establishes that on the evening of December 22, 1996,
appellant was involved in an automobile accident. Officer Brent Bryant was dispatched
to the scene to assist with the investigation. Upon arriving, he noticed that appellant was
very agitated and that there were indications he was intoxicated. Officer Douglas Harlan
was also called to the scene because he was certified in the horizontal gaze nystagmus
sobriety test. Appellant, who was sitting on a curb, ran away as Bryant approached him. 
Bryant pursued him for approximately one block and apprehended him. The testimony of
several witnesses established that appellant resisted, struggled, was uncooperative, and
shouted vulgarities at the officers. Several officers managed to subdue appellant and
place him in handcuffs. Leg restraints were also placed on appellant to enable the officers
to place him in the back of the patrol car. According to Harlan's testimony, appellant
appeared violent and made threats such as "you're dead," "your mother is dead," and
"when I get out, I am going to kill you." Officer Bryant and appellant drove to the county
jail and Officer Harlan followed in his patrol car. While in the elevator at the jail facilities,
appellant kicked Harlan and together with Bryant they fell to the ground. He then kicked
Bryant in the nose causing it to bleed. County deputies responded to assist the officers.

 After appellant was placed in a cell and the officers began their paperwork, they
heard loud banging. They discovered that appellant was banging his head against the cell
wall and a county deputy used pepper spray on appellant to calm him down. Appellant
had blood in one of his ears and it was determined that he should be taken to the hospital
for medical clearance. He was transported to a nearby hospital in a larger vehicle than a
patrol car because of the difficulty the officers had encountered in placing him in a patrol
car the first time. At the hospital appellant's behavior prevented the staff from treating him. 
He refused to be treated and spit on the nurse and shouted profanities. A doctor
suggested he be taken to another hospital. Upon arriving at a second hospital, appellant
was still agitated, spitting, and uncooperative. He was restrained on a board and sedated
for a CAT scan. Other than a small laceration on his ear, the doctor testified that he did
not observe any other cuts or bruises on appellant, and his CAT scan was normal. He did
observe that appellant was suffering from acute alcohol intoxication. Appellant was
released and taken back to the county jail. 

 Bryant and Harlan offered conflicting testimony regarding whether appellant was
still bound by leg restraints when he kicked them in the elevator. The officers testified that
the incident in the elevator was chaotic and they could not be sure whether the leg
restraints were in place or had become loose. The restraints were described as Velcro
restraints which could have come loose while appellant was struggling with the officers. 
The evidence also established that appellant never claimed that the officers had kicked
or beaten him.

 After a jury found appellant guilty of assault on a public servant, he agreed to have
the court assess punishment pursuant to a plea agreement. The State gave him notice of
its intent to introduce two prior convictions during punishment. However, trial counsel
objected to the introduction of one pen packet as not being self-authenticating because
it had been unstapled and restapled. After brief argument, the court overruled counsel's
objection and held that there was no evidence to indicate the pen packet was not
authentic. Thereafter, appellant plead true to the enhancement paragraphs and the trial
court assessed punishment at 25 years confinement in accordance with the agreement.

 Counsel presents three arguable points of error on appeal and then candidly
concludes why no reversible error is presented. First, sufficiency of the evidence is
challenged. However, counsel concedes that the evidence presented established the
elements of the crime. The State established that Officers Bryant and Harlan were
uniformed public servants lawfully discharging their official duties and that appellant
intentionally or knowingly made threats, caused bodily injury, or caused offensive physical
contact. Tex. Pen. Code Ann. § 22.01 (a) and (b) (Vernon Supp. 2001). Despite
conflicting testimony from the officers regarding whether appellant was in leg restraints
when he kicked them, it was within the exclusive province of the jury as the sole trier of fact
to reconcile the conflict. Tex. Code Crim. Proc. Ann. art 38.04 (Vernon 1979); see also 
Losada v. State, 721 S.W.2d 305, 309 (Tex.Cr.App. 1986).

 By counsel's second point, she questions the authenticity of the pen packet
containing different staple holes. However, as counsel points out, any complaint regarding
the staple holes would go to the weight of the evidence and not its admissibility. Robinson
v. State, 739 S.W.2d 795, 802 (Tex.Cr.App. 1987). Furthermore, appellant's plea of true
to the enhancement paragraphs waives a challenge to the authenticity of the pen packet
and relieves the State of its burden to prove the enhancement allegations. Harrison v.
State, 950 S.W.2d 419, 420 (Tex.App.-Houston [1st Dist.] 1997, pet ref'd); see also
Harvey v. State, 611 S.W.2d 108, 111 (Tex.Cr.App. 1981) (holding that an accused who
enters a plea of true to enhancement allegations cannot complain that the evidence is
insufficient to support the same on appeal).

 By her final arguable point, counsel raises ineffective assistance of counsel and
concedes that trial counsel's performance was within the reasonably professional norm
required by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Trial
counsel conducted a legally sound voir dire and no objectionable jurors served on the jury. 
He also effectively cross-examined witnesses and brought out inconsistencies in their
testimonies. Numerous objections were made and sustained. Trial counsel negotiated a
plea agreement for the minimum punishment possible for appellant's conviction with
enhancements. Based on the totality of trial counsel's representation, we agree with
appellate counsel that appellant received effective assistance of counsel. See Garcia v.
State, 887 S.W.23d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct.
1368, 131 L.Ed.2d 223 (1995). 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).