# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00044-CR

**Edward Ricks, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. 2034068, HONORABLE FRED A. MOORE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

At a bench trial, appellant Edward Ricks was convicted of tampering with physical evidence, a third degree felony. *See* Tex. Pen. Code Ann. § 37.09(a)(1), (c) (West 2003). Appellant pleaded true to enhancement paragraphs alleging previous felony convictions for possession of cocaine in Travis County cause numbers 991892 and 942349, and he also testified to the truth of the enhancement allegations. The court found the enhancement allegations to be true and sentenced appellant to twenty-five years in prison. *See* Tex. Pen. Code Ann. § 12.42(d) (West Supp. 2004-05).

Appellant now contends that the evidence is legally and factually insufficient to support the court's enhancement findings. He argues that documentary evidence introduced by the State shows that the conviction in cause number 0991892 could not be used for enhancement and fails to show that the conviction in cause number 0942349 could be so used. We will affirm the conviction.

A plea of true to an enhancement allegation constitutes evidence and is in itself sufficient to satisfy the State's burden of proof. *Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). A defendant who enters a plea of true to an enhancement allegation cannot be heard on appeal to complain that the evidence is not sufficient to support the enhancement of punishment. *Harvey*, 611 S.W.2d at 111; *Harrison v. State*, 950 S.W.2d 419, 422 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Skillern v. State*, 890 S.W.2d 849, 882 (Tex. App.—Austin 1994, pet. ref'd). Appellant's reliance on *Spiers v. State*, 552 S.W.2d 851, 852 (Tex. Crim. App. 1977), is misplaced for the reasons stated by the court of appeals in *Harrison*. 950 S.W.2d at 421-22.

Appellant's arguments fail in any event. State's exhibit four was a penitentiary packet containing the judgment of conviction in cause number 0991892. The judgment recites that appellant was convicted in that cause of possessing less than one gram of cocaine with intent to deliver, a state jail felony enhanced to a second degree felony, and sentenced to three years' imprisonment. *See* Tex. Health & Safety Code Ann. § 481.112(a), (b) (West 2003); Tex. Pen. Code Ann. § 12.42(a)(2) (West Supp. 2004-05). Appellant argues that because the conviction in cause number 0991892 was for a state jail felony, it could not be used for enhancement under section 12.42(d). His argument is based on a misreading of section 12.42(e), which limits the use of some state jail felony convictions for enhancement purposes. Tex. Pen. Code Ann. § 12.42(e) (West Supp. 2004-05). Section 12.42(e) applies only to state jail felonies punished under penal code section 12.35(a). *Id*.; *see* Tex. Pen. Code Ann. § 12.35(a) (West 2003). Cause number 0991892 was punished under section 12.42(a)(2), and thus section 12.42(e) does not apply.

The other conviction used to enhance appellant's punishment, cause number 0942349, was also one of the convictions used to enhance in cause number 0991892. Like the indictment in the instant case, the judgment in cause number 0991892 recites only that the conviction in cause number 0942349 was for possession of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). Because the amount possessed is not apparent from the record, appellant argues that the conviction in cause number 0942349 may have been for a state jail felony to which section 12.42(e) applies. This argument overlooks the fact that only a "regular" felony conviction, and not a state jail felony conviction, can be used to enhance pursuant to section 12.42(a)(2). *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001). Thus, contrary to appellant's contention, the record before us is not ambiguous as to whether cause number 0942349 was properly used for enhancement in the instant case.

For all the reasons stated, appellant's points of error are overruled. The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: April 21, 2005

Do Not Publish